**George AVLON, Appellant,**

**v.**

**GREENCHA HOLDING CORP.,**
**Appellee.**

**No. 22449.**

United States Court of Appeals
Second Circuit.

Argued March 12, 1956.

Decided April 2, 1956.

Deane Ramey (Ramey & McKelvey, New York City) for appellant.

Elmer L. Steinbock and William J. Tropp, New York City, for appellee.

Before FRANK, LUMBARD and WATERMAN, Circuit Judges.

PER CURIAM.

Motion by appellee to dismiss appeal denied; motion by appellant for leave to file brief and appendix granted.

LUMBARD, Circuit Judge (dissenting).

We are asked to permit the filing of appellant's brief and appendix more than three and one half years after the filing of the record on the ground that an asserted misunderstanding between two attorneys as to who was to handle the appeal was "excusable neglect" within Rule 14(b) of this Court. We should deny the application and dismiss the appeal.

On June 1, 1948, when the plaintiff, who was employed as a cook in a restaurant, went out onto a rear platform for a smoke and some fresh air, the grating on which he was standing cracked and he was thrown to the courtyard below and suffered serious injuries. After a trial in March 1952, the plaintiff's suit against the landlord was dismissed by Judge McGohey at the end of his proof on the ground that he was a mere licensee and there was no evidence of any active negligence on the part of the landlord. The record on appeal was filed on August 8, 1952, and thereafter counsel did nothing until these motion papers were drawn on March 6, 1956.

Affidavits of two attorneys are submitted to account for this Rip Van Winkle attention to the affairs of their client. The attorney of record states that his junior associate who initiated the case left his office sometime after the record on appeal was filed and opened his own office and there was a misunderstanding as to who had the file and who was to prosecute the appeal. The file seems to have remained with the attorney of record throughout. If this is "excusable neglect" then it is difficult to see where we are to draw the line or whether we are ever to do so. Wherever an office has two lawyers during any period of neglect such affidavits will be forthcoming. Certainly such an explanation would be no defense to a suit for negligence brought by the client if we should refuse to hear the appeal. Perhaps my colleagues are impelled to the granting of this motion out of sympathy for the attorney's plight if we should dismiss the appeal. But these generous impulses cannot change two considerations which to me seem controlling.

In the first place delay such as this always works a prejudice to the other party. But there is a further consideration of equal or greater weight and that is that the greatest curse and weakness of our whole judicial system are the endless delays and the consequential increased costs that litigants encounter at every turn. Wherever courts have the power to expedite these seemingly endless and expensive procedures they ought to do it. We must let the bar and litigants know that we mean business and

that delay will not be excused except for very good reasons. If we condone this three and one half year trifling with the Court we are abdicating our function and saying once more that courts and lawyers really don't care about how long it takes to do anything. To the extent that we have any power to do so we should take every step to expedite appellate procedure and we should not shrink from requiring compliance with our rules in cases such as this.

I would dismiss the appeal.