**Andy Mabel ESCOBAR–RAMOS, Jose Maximo Martinez–Reyes, Petitioners,**

**v.**

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**No. 88–7309.**

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 31, 1989.*

Memorandum Disposition Sept. 6, 1989.

Petition for Rehearing Sept. 26, 1989.

Opinion on Rehearing April 3, 1990.

Tom Stanley, Los Angeles, Cal., for petitioners.

Michael C. Johnson, Sp. Asst. U.S. Atty., Los Angeles, Cal., for respondent.

Before TANG, NELSON and REINHARDT, Circuit Judges.

PER CURIAM:

Petitioners Andy Mabel Escobar–Ramos and Jose Maximo Martinez–Reyes petition for rehearing of a decision of this court denying their petition for review of a decision of the Board of Immigration Appeals (BIA), 884 F.2d 1394. The BIA had issued an order dismissing their appeal from an Immigration Judge's (IJ) decision finding them deportable and denying their application for asylum.

The BIA had summarily dismissed the petitioners' appeal in reliance upon 8 C.F.R.

---

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth

Circuit Rule 34–4 and Fed.R.App.P. 34(a).

§ 3.1(d)(1–a)(i)[1] because the petitioners did not adequately disclose the basis for the appeal on their notice of appeal, never filed a brief with the BIA despite promising to do so and offered no explanation for their failure to file a brief. The BIA also based its action on 8 C.F.R. § 3.1(d)(1–a)(iv)[2] because it concluded that the usual practice of petitioners' counsel was to identify only general issues on the notice of appeal form and not to file a written brief despite assurances that he would do so. The Board concluded that this practice constituted an abuse of process designed to perpetuate petitioners' stay in this country.

In their petition for rehearing, Escobar–Ramos and Martinez–Reyes offer the explanation that in September and October of 1987, the Immigration Court in Los Angeles sent out a large number of transcripts at one time and that their counsel received more than thirty such transcripts during that two month period. The transcript in petitioners' case was sent to their counsel on October 17 and he was given until November 3 to submit a brief to the BIA. In February, 1988 the roof of his law office failed and four inches of rain water were dumped into his office; this greatly disrupted his files and denied him the full use of his office until June, 1988. These events are offered as explanation for the failure to file a brief before the BIA by the time it rendered its decision on June 28, 1988.

Escobar–Ramos and Martinez–Reyes also request rehearing on the basis of the BIA's failure to recite that it reviewed the record before summarily dismissing their appeal as required by 8 C.F.R. § 3.1(d)(1–a)(iv). *See Medrano–Villatoro v. INS*, 866 F.2d 132, 134 (5th Cir.1989).

We agree with the Fifth Circuit holding in *Medrano–Villatoro* that summary dismissal of a party's appeal is not an appropriate way of dealing with an improper course of conduct by the party's attorney. The BIA is required by 8 C.F.R. § 3.1(d)(1–a)(iv) to base its finding that the appeal is frivolous upon a review of the record. Because there is no indication that such a review took place and because petitioners have demonstrated exigent circumstances that accounted for their failure to file a brief with the BIA, we remand the appeal to the BIA so that it may provide petitioners with an opportunity to file a brief within a reasonable time and then consider the case on its merits.

REVERSED AND REMANDED.

---

1. The Board may summarily dismiss an appeal in any case in which (i) the party concerned fails to specify the reasons for his appeal on Form I–290A (Notice of Appeal). *See* 8 C.F.R. § (d)(1–a)(i).

2. The Board may summarily dismiss an appeal in any case in which (iv) the Board is satisfied, from a review of the record, that the appeal is frivolous or filed solely for the purpose of delay. *See* 8 C.F.R. § 3.1(d)(1–a)(iv).