Andy Mabel ESCOBAR–RAMOS, Jose
Maximo Martinez–Reyes, Petitioners,

v.

IMMIGRATION AND NATURALIZA-
TION SERVICE, Respondent.

No. 88–7309.

United States Court of Appeals,
Ninth Circuit.

Submitted June 20, 1990 * Upon
Respondent's Petition for Rehearing.

Decided March 1, 1991.

Tom Stanley, Los Angeles, Cal., for peti-
tioners.

Michael C. Johnson, Asst. U.S. Atty., Los
Angeles, Cal., David V. Bernal, Office of
Immigration Litigation, Civ. Div., U.S.

---

* The panel finds this case appropriate for submis-
sion without oral argument pursuant to Ninth

Circuit Rule 34–4 and Fed.R.App.P. 34(a).

Dept. of Justice, Washington, D.C., for respondent.

Before TANG, NELSON and REINHARDT, Circuit Judges.

TANG, Circuit Judge:

Petitioners Andy Mabel Escobar–Ramos and Jose Maximo Martinez–Reyes petition for rehearing of a decision of this court denying their petition for review of a decision of the Board of Immigration Appeals (BIA). The BIA had issued an order dismissing their appeal from an Immigration Judge's (IJ) decision finding them deportable and denying their application for asylum.

We deny without prejudice the petition for review of the decision of the BIA but we stay our mandate to permit the BIA to consider petitioners' motion to reopen or reconsider their appeal.

On December 2, 1985, following a hearing the IJ concluded that Escobar–Ramos and Martinez–Reyes were deportable and denied their applications for asylum and withholding.

On December 12, 1985, petitioners appealed to the BIA from the IJ's decision by submitting a notice of appeal, Form I-290A. Petitioners provided four reasons and indicated that they would file a separate written brief or statement after reviewing the transcript of the hearing.

Nearly two years after the deportation hearing, the Immigration Court Clerk of the Office of the Immigration Judge sent the transcript of the hearing to petitioners' counsel on October 19, 1987, and granted petitioners until November 3, 1987 to submit a written brief.

Petitioners submitted no brief. On June 21, 1988, the attorney for the Immigration and Naturalization Service did submit a brief addressing the issues raised in petitioners' notice of appeal.

On June 28, 1988, the BIA dismissed the petitioners' appeal in reliance upon 8 C.F.R. § 3.1(d)(1–a)(i) [1] because the petitioners did not disclose adequately the basis for the appeal on their notice of appeal, never filed a brief with the BIA despite promising to do so and offered no explanation for the failure to file a brief. The BIA also based its action on 8 C.F.R. § 3.1(d)(1–a)(iv) [2] because it concluded that the usual practice of petitioners' counsel was to identify only general issues on the notice of appeal form and not to file a written brief despite assurances that he would do so. The Board concluded that this practice constituted an abuse of process designed to perpetuate petitioners' stay in this country.

This court in an unpublished memorandum, dated September 6, 1989, denied the petitions for review of the BIA's decisions. We noted that petitioners had pointed to no effort on their part to secure additional time or otherwise to provide an adequate explanation of their grounds for appeal during the eight months between the time the transcript was complete and the date the BIA rendered its decision.

In their petition for rehearing, Escobar–Ramos and Martinez–Reyes have elaborated on their original explanation as to why they failed to file a brief with the BIA; they also request rehearing on the basis of the BIA's failure to recite that it reviewed the record before summarily dismissing their appeal as required by 8 C.F.R. § 3.1(d)(1–a)(iv). *See Medrano–Villatoro v. INS,* 866 F.2d 132, 134 (5th Cir.1989). We issued an opinion reversing and remanding on April 3, 1990, 901 F.2d 695 (9th Cir.1990). Respondent INS thereupon petitioned for rehearing. Upon such rehearing we file this amended opinion.

We agree with the Fifth Circuit holding in *Medrano–Villatoro* that summary dismissal of a party's appeal is not an

---

**1.** The Board may summarily dismiss an appeal in any case in which (i) the party concerned fails to specify the reasons for his appeal on Form I–290A (Notice of Appeal). *See* 8 C.F.R. Sect. 3.1(d)(1–a)(i).

**2.** The Board may summarily dismiss an appeal in any case in which (iv) the Board is satisfied, from a review of the record, that the appeal is frivolous or filed solely for the purpose of delay. *See* 8 C.F.R. § 3.1(d)(1–a)(iv).

appropriate way of dealing with an improper course of conduct by the party's attorney. The BIA is required by 8 C.F.R. § 3.1(d)(1–a)(iv) to base its finding that the appeal is frivolous upon a review of the record for the case under consideration. Because there is no indication that such a review took place, 8 C.F.R. § 3.1(d)(1–a)(iv) cannot justify summary dismissal of petitioners' appeal.

The BIA also relied on 8 C.F.R. § 3.1(d)(1–a)(i) to dismiss summarily the petitioners' appeal on the ground that the statement of reasons for appeal contained in Form I–290A was inadequate.

Form I–290A, the Notice of Appeal to the BIA, contains the potential for misleading the unwary. It requires the appellant to "Briefly state reasons for this appeal." (Emphasis supplied.) The instructions on the reverse side of the form provide that "The Board may deny oral argument and summarily dismiss any appeal in any deportation proceeding in which ... the party concerned fails to specify the reasons for his/her appeal on the reverse side of the form." Appellants are informed that "a brief in support of or in opposition to an appeal is not required." The form then supplies less than three inches of space to provide these reasons for the appeal and does not invite the use of an additional piece of paper.

Despite the apparently liberal standard implied by the instructions contained on Form I–290A the BIA has articulated fairly strict requirements for appellants trying to state their reasons for appeal:

It is ... insufficient to merely assert that the immigration judge improperly found that deportability had been established or denied an application for relief from deportation ... Where eligibility for discretionary relief is at issue, it should be stated whether the error relates to grounds of statutory eligibility or to the exercise of discretion. Furthermore, it should be clear whether the alleged impropriety in the decision lies with the immigration judge's interpretation of the facts or his application of legal standards. Where a question of law is presented, supporting authority should be included, and where the dispute is on the facts, there should be a discussion of the particular details contested.

*Matter of Valencia,* Interim Decision No. 3006 (BIA 1986).

There is no indication on the face of Form I–290A or in the instructions on the reverse side as to the need for this level of specificity.

■ When the BIA considers the adequacy of the statement of grounds for appeal for purposes of a possible summary dismissal pursuant to 8 C.F.R. § 3.1(d)(1–a)(i) it has normally considered written briefs submitted by the appellants. The reported cases of this court reviewing such summary dismissals have all involved instances in which the appellant has provided no brief to the BIA. *See Martinez-Zelaya v. INS,* 841 F.2d 294 (9th Cir.1988); *Roque-Carranza v. INS,* 778 F.2d 1373 (9th Cir.1985); *Reyes-Mendoza v. INS,* 774 F.2d 1364 (9th Cir.1985). This is also true in other circuits. *Atehortua-Vanegas v. INS,* 876 F.2d 238 (1st Cir.1989); *Medrano-Villatoro v. INS,* 866 F.2d 132 (5th Cir.1989); *Bonne-Annee v. INS,* 810 F.2d 1077 (11th Cir.1987); *Townsend v. INS,* 799 F.2d 179 (5th Cir.1986). These opinions assumed that deficiencies in the statements of reasons for appeal on Form I–290A could be remedied by the adequate brief. This court articulated that position in *Martinez-Zelaya,* 841 F.2d at 296: "We have held that summary dismissal by the BIA is appropriate if an alien submits no separate written brief or statement to the BIA and inadequately informs the BIA of what aspects of the IJ's decision were allegedly incorrect and why."

■ A fair opportunity for a party appealing to the BIA to prepare an appropriate brief is therefore of crucial importance since the list of reasons for appeal listed on Form I–290A need not be adequate by itself and will frequently not be so.

The immigration courts' practice regarding according sufficient time to appellants to prepare briefs is not reassuring. In this case fifteen days separated the issuance of the transcript in Washington D.C. from the due date for petitioners' brief before the BIA. The deportation hearing transcript

was issued in Washington, D.C. and was mailed from there to the office of petitioners' counsel in Los Angeles. The record does not reflect the time that the transcript was en route. The days during which the transcript was in the mail cut into the fifteen day time period that petitioners' attorney had been granted for preparing and submitting the brief. The short time period granted petitioners to submit a brief is in sharp contrast to the two years that the immigration court took in preparing the transcript of the deportation hearing. A check of other cases pending before this court[3] in which the BIA summarily dismissed appeals for inadequate statements of reasons for appeal reveals that in three other cases, appellants were given fifteen days from the date of issuance of the transcript in Washington, D.C. in which to submit briefs, three appellants were given seventeen days, two appellants were given twenty-five days and three appellants were given thirty days. Requests for additional time to submit briefs were sometimes granted, sometimes denied and sometimes not answered.

■ No precedent exists for guidance in situations such as this in which the petitioners failed to file a brief before the BIA and failed to ask for extensions of time to do so but later offered explanations for their failure. In the circumstance of a failure to file a brief before a court of appeals, Fed. R.App.P. 31 provides that the appellee may move for dismissal of the appeal. The prevalent position taken by courts of appeals was set forth in *Gilroy v. Erie Lackawanna Railroad Co.*, 421 F.2d 1321, 1323 (2nd Cir.1970):

> Unless (an) application for extended time is made so that it may be considered before the allotted time has expired, it is evidence of a lack of good faith and, failing extraordinary circumstances, it constitutes neglect which will not be excused.

In considering the existence of extraordinary circumstances, the nature of the interests at stake is relevant in determining how the court should respond:

Dismissal of the appeal may be in order in cases … in which conspicuous disregard is shown for case-processing rules. Where the sanction would unfairly penalize clients for the neglect of their attorney, measures directed against dilatory counsel are available.

*Community Coalition for Media Change v. FCC*, 646 F.2d 613, 616 n. 3 (D.C.Cir. 1980) (per curiam); *see also Avlon v. Greencha Holding Corp.*, 232 F.2d 129 (2d Cir.1956) (per curiam) (refusing to dismiss appeal and permitting appellant to file brief and appendix more than three and a half years after the filing of the record, when no request for an extension of time had been made but attorneys alleged a misunderstanding regarding which one would handle appeal).

Parties appealing to the BIA are frequently poor and may be unable to speak or understand English. They, even more than most litigants, are dependent upon the actions of counsel on their behalf. When their counsel fail them, for whatever reason, the consequences may be a rapid deportation that affords no opportunity to secure other counsel or to seek any remedies against defaulting counsel. If the basis for resisting deportation is the claim that the appellant faces political persecution in another country and the IJ's decision in favor of deportation is in error, the consequences for the alien could be disastrous.

Given the difficulty in meeting the standards of the BIA for listing reasons for an appeal on Form I–290A and in complying with the comparatively short deadlines for filing briefs with the BIA, and the serious consequences that can flow from a deportation order, a standard as flexible as that required by Fed.App.Rule 31 should apply when an appellant makes a prima facie showing of extraordinary circumstances causing his failure to timely file a brief with the BIA or to request an extension of time.

In this case petitioners' counsel has submitted an affidavit in which he represents

---

**3.** A court may take judicial notice of records in other cases before it. *National Fire Insurance Co. v. Thompson Co.*, 281 U.S. 331, 336, 50 S.Ct.

288, 290, 74 L.Ed. 881 (1930); *MacMillan Bloedel Ltd. v. Flintkote Co.*, 760 F.2d 580 (5th Cir. 1985).

that he had received transcripts of the deportation hearings in August/September of 1987 in approximately thirty other cases from the Immigration Court, that he continued to receive a number of delayed transcripts in the following months and that his request for more time to file a brief for the reason of this overload was denied.

The transcript in petitioners' case was sent to their counsel on October 17 and he was given until November 3 to submit a brief to the BIA. Petitioners' counsel further represents that in February, 1988, the roof of his law office failed and four inches of rain water were dumped into his office disrupting his files and denying him the full use of his office until June, 1988, at which time the BIA summarily dismissed the appeal.

■ We conclude that these allegations constitute a prima facie case of extraordinary circumstances that could excuse the failure of petitioners' counsel to file a brief with the BIA or to request an extension of time and that petitioners should be permitted to present these allegations to the BIA. This conclusion is not inconsistent with this court's decisions in *Martinez–Zelaya* and *Reyes–Mendoza,* for in those cases unlike in the present case no explanation was offered for the failure to file briefs with the BIA and in *Martinez–Zelaya* the BIA conducted a thorough review of the records before dismissing the appeals.

At the same time that the petitioners filed a petition for rehearing with this court, they filed with the BIA a motion to reopen or reconsider the decision of the BIA. This was the proper procedure for it gives to the BIA the opportunity to consider petitioners' explanations as to why they initially failed to file a brief with the BIA and to compile a full record on that issue that can be reviewed by this court if necessary. Realistically, petitioners had to petition this court as well since they could be subject to immediate deportation even during a pending motion to reopen before the BIA, an action that cannot be taken pending an appeal to this court. *See Dhangu v. INS,* 812 F.2d 455 (9th Cir.1987). If their motion to the BIA to reopen is denied petitioners may petition the court to review the BIA's decision.

We emphasize that the merits of Escobar–Ramos' application for asylum are not before us at this time. Today, we rule on the narrow issue of the appropriateness of the BIA's dismissal of his appeal. We also note that as a Salvadoran, Escobar–Ramos may be eligible to apply for Special Protected Status as specified in 8 U.S.C. § 1101, § 1254(a) if he meets the criterion specified therein. If he falls within the protected class, he may also apply to an asylum officer for a de novo hearing of the merits of his case pursuant to *American Baptist Churches v. Thornburgh,* C85–3255RFP, 1991 WL 35429. This opinion does not rule on the merits of those applications.

The petition for review is denied without prejudice. We stay our mandate for such time as is necessary for the disposition by the BIA of the motion to reopen. *See id.* at 461. The parties shall notify us when issuance is timely.