974 F.2d 1343
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Wieslaw PISKORSKI, Petitioner,
v.
UNITED STATES IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 91-70572.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 24, 1992.*
Decided Sept. 1, 1992.
 
 Before BRUNETTI, RYMER and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Wieslaw Piskorski, a native and citizen of Poland, petitions for review of the Board of Immigration Appeals' ("BIA") summary dismissal of his appeal for failure to specify adequately the grounds for the appeal pursuant to 8 C.F.R. § 3.1(d)(1-a)(i). We have jurisdiction pursuant to 8 U.S.C. § 1105a(a) and deny the petition for review.
 
 
 3
 * Background
 
 
 4
 On March 8, 1990, Piskorski was issued an order to show cause why he should not be deported pursuant to section 241(a)(2) of the Immigration and Naturalization Act ("Act"), 8 U.S.C. § 1251(a)(2), as an alien who had overstayed his transit visa.
 
 
 5
 Piskorski then sought asylum and withholding of deportation or, in the alternative, voluntary departure. After holding a hearing, the immigration judge ("IJ") denied Piskorski's request for asylum or withholding of deportation and found Piskorski to be deportable by clear, convincing, and unequivocal evidence, but granted him voluntary departure.
 
 
 6
 Piskorski timely filed a Form I-290A notice of appeal pro se with the BIA in which he cited three grounds for his appeal:
 
 
 7
 1. I felt the judge saw my case per departamental [sic] policy and not by my individual circumstances as he was supposed to do.
 
 
 8
 2. My own testimony should be enough to prove my asylum status.
 
 
 9
 3. Situation in Poland is getting worse politically and economically, crime is on the rise. I would suffer upon my return.
 
 
 10
 In his notice of appeal, Piskorski indicated he would not be filing a supplemental brief and did not request oral argument. On August 28, 1991, the BIA summarily dismissed Piskorski's appeal, finding that the notice of appeal failed "to identify the reasons for appeal in a meaningful fashion."
 
 II
 Standard of Review
 
 11
 "Although our Circuit has 'not clearly articulated the standard for reviewing BIA summary dismissal of appeals ..., we have analyzed whether such summary dismissals are 'appropriate.' ' " Toquero v. INS, 956 F.2d 193, 194 (9th Cir.1992) (quoting Martinez-Zelaya v. INS, 841 F.2d 294, 295 (9th Cir.1988)); see also Escobar-Ramos v. INS, 927 F.2d 482, 484 (9th Cir.1991) (ruling on the "appropriateness" of the BIA's summary dismissal).
 
 III
 Analysis
 
 12
 Pursuant to 8 C.F.R. § 3.1(d)(1-a)(i), the BIA may summarily dismiss an appeal if an alien fails to specify the reasons for the appeal in the notice of appeal. This court has held that "summary dismissal by the BIA is appropriate if an alien submits no separate written brief or statement to the BIA and inadequately informs the BIA of 'what aspects of the IJ's decision were allegedly incorrect and why.' " Martinez-Zelaya, 841 F.2d at 296 (quoting Reyes-Mendoza v. INS, 774 F.2d 1364, 1365 (9th Cir.1981)).
 
 
 13
 Here, Piskorski's notice of appeal did not adequately inform the BIA of the specific grounds for his appeal. See id. The statements in the notice of appeal failed to cite any legal authority and in no meaningful way apprised the BIA of the legal or factual basis for his appeal. See Toquero, 956 F.2d at 195. Because it is unclear which aspect of the IJ's decision Piskorski was challenging, the BIA " 'was left guessing at how and why petitioner thought the court had erred.' " Id. (quoting Lozada v. INS, 857 F.2d 10, 13 (1st Cir.1988)).
 
 
 14
 Thus, based on the information contained in the notice of appeal, the BIA's summary dismissal under 8 C.F.R. § 3.1(d)(1-a)(i) was "appropriate." See Martinez-Zelaya, 841 F.2d at 296; Reyes-Mendoza, 774 F.2d at 1364-65. Accordingly, Piskorski's petition for review is denied.
 
 
 15
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3