978 F.2d 1265
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Mohammed Baher ELRAMLY, Petitioner,
v.
IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 92-70220.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 4, 1992.*
Decided Nov. 10, 1992.
 
 Before SCHROEDER, FLETCHER and PREGERSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Mohammed Baher Elramly, a native and citizen of Egypt, petitions for review of the Board of Immigration Appeals' ("BIA") summary dismissal of his appeal for failure to specify adequately the grounds for the appeal pursuant to 8 C.F.R. § 3.1(d)(1-a)(i). We have jurisdiction pursuant to 8 U.S.C. § 1105a(a) and grant the petition for review.
 
 
 3
 * Background
 
 
 4
 Elramly entered the United States in 1976 on a nonimmigrant student visa to study at the University of Michigan. In 1979, Elramly married a United States citizen and became a lawful permanent resident. Elramly was divorced in August 1990 and married another United States citizen in May 1991.
 
 
 5
 On February 9, 1990, the Immigration and Naturalization Service ("INS") issued Elramly an order to show cause why he should not be deported pursuant to section 241(a)(1)(11) of the Immigration and Naturalization Act ("Act"), 8 U.S.C. § 1251(a)(14), as an alien who had been convicted of an offense involving a controlled substance.
 
 
 6
 At his deportation hearing on June 24, 1991, Elramly, represented by counsel, admitted that he had pleaded guilty to two charges of delivery of hashish.[1] At the hearing, Elramly presented a claim for waiver of deportation pursuant to section 212(c) of the Act, 8 U.S.C. § 1182(c). On August 15, 1991, the immigration judge ("IJ") found Elramly deportable. With respect to Elramly's application for section 212(c) relief, the IJ found that the "positive and negative equities in this case are extremely close." Nevertheless, "in light of Respondent's in court demeanor and the seriousness of Respondent's drug conviction," the IJ denied Elramly's request for section 212(c) relief.
 
 
 7
 Through counsel, Elramly filed a timely Form I-290(A) notice of appeal with the BIA. Elramly's stated ground for appeal was:
 
 
 8
 The [IJ] erred and abused her discretion in denying Respondent's application for relief where the Respondent established extreme and outstanding equities to offset the seriousness of the offense committed and did not consider Respondent's rehabilitation.
 
 
 9
 In his notice of appeal, Elramly requested oral argument and indicated he would be filing a supplemental brief. Elramly did not file a supplemental brief. On February 11, 1992, the BIA summarily dismissed Elramly's appeal, finding the notice of appeal did not provide "a meaningful statement of the reasons for [Elramly's] appeal." Elramly timely filed a petition for review of the BIA's summary dismissal.
 
 II
 Standard of Review
 
 10
 "Although our Circuit has 'not clearly articulated the standard for reviewing BIA summary dismissal of appeals ..., we have analyzed whether such summary dismissals are "appropriate." ' " Toquero v. INS, 956 F.2d 193, 194 (9th Cir.1992) (quoting Martinez-Zelaya v. INS, 841 F.2d 294, 295 (9th Cir.1988)); see also Escobar-Ramos v. INS, 927 F.2d 482, 484 (9th Cir.1991) (ruling on the "appropriateness" of the BIA's summary dismissal).
 
 III
 Analysis
 
 11
 Pursuant to 8 C.F.R. § 3.1(d)(1-a)(i), the BIA may summarily dismiss an appeal if an alien fails to specify the reasons for the appeal in the notice of appeal. This court has held that "summary dismissal by the BIA is appropriate if an alien submits no separate written brief or statement to the BIA and inadequately informs the BIA of 'what aspects of the IJ's decision were allegedly incorrect and why.' " Martinez-Zelaya, 841 F.2d at 296 (quoting Reyes-Mendoza v. INS, 774 F.2d 1364, 1365 (9th Cir.1981)).
 
 
 12
 Here, Elramly's notice stated two bases for his appeal: (1) the IJ abused her discretion by finding the negative equities outweighed the positive equities, and (2) the IJ erred by failing to consider Elramly's rehabilitation. Thus, the notice informed the BIA that Elramly was contesting the IJ's balancing of the adverse and favorable equities. Additionally, Elramly's notice raised a specific, valid claim that the IJ failed to consider Elramly's rehabilitation. Although not an absolute prerequisite to waiver of deportability, "rehabilitation is an important factor for determining [section 212(c) ] relief." Ayala-Chavez v. INS, 944 F.2d 638, 642 (9th Cir.1991). While inartfully articulated, Elramly's notice of appeal adequately informed the BIA "of what aspects of the IJ's decision were allegedly incorrect and why." See Reyes-Mendoza, 774 F.2d at 1365. Accordingly, we grant the petition for review and remand the case to the BIA for determination on the merits.
 
 
 13
 PETITION GRANTED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Elramly's delivery of hashish violated Fla.St. 893.13(1)(a)(2) (unlawfully and knowingly selling resin extract of Cannabis, commonly known as Hashish, which is a controlled substance pursuant to Fla.St. 893.03(1)(c)). The clerk of the court in Osceola County, Florida entered Elramly's guilty plea on March 21, 1983. Elramly was sentenced to 90 days in jail and three years of probation and was fined