978 F.2d 1265
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Kamyar PARTOVI-DAILAMI; Parichehr Gurai-Tafte, Petitioners,
v.
IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 92-70240.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 4, 1992.*
Decided Nov. 10, 1992.
 
 Before SCHROEDER, FLETCHER and PREGERSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Kamyar Partovi-Dailami and Parichehr Gurai-Tafte, natives and citizens of Iran, petition for review of the Board of Immigration Appeals' ("BIA") summary dismissal of their appeal for failure to adequately specify the grounds for the appeal pursuant to 8 C.F.R. § 3.1(d)(1-a)(i). We have jurisdiction pursuant to 8 U.S.C. § 1105a(a) and deny the petition for review.
 
 
 3
 * Background
 
 
 4
 On June 6, 1990, the petitioners, husband and wife, were issued orders to show cause why they should not be deported pursuant to section 241(a)(2) of the Immigration and Naturalization Act ("Act"), 8 U.S.C. § 1251(a)(2), as aliens who had remained in the United States longer than permitted.
 
 
 5
 At a hearing before the immigration judge ("IJ"), the petitioners, represented by counsel, conceded deportability but sought asylum and withholding of deportation under sections 208 and 243(h) of the Act, 8 U.S.C. §§ 1158(a) & 1253(h), or in the alternative voluntary departure. At a subsequent hearing, the IJ, after receiving testimony, denied their request for asylum and withholding of deportation, but granted them voluntary departure.
 
 
 6
 The petitioners timely filed a Form I-290A notice of appeal with the BIA in which they stated:
 
 
 7
 The immigration judge has misconstrued evidence and failed to properly apply the well-founded fear of persecution standard set forth in INS v. Cardoza-Fonseca. There may be additional errors committed at the hearing, which can only be determined after a review of the transcript of proceeding. We therefore request a copy of the transcript of proceeding and that we be granted 45 days thereafter in which to submit our brief.
 
 
 8
 Although the petitioners indicated that they would file a separate written brief, no brief was ever filed. On February 24, 1992, the BIA summarily dismissed the petitioners' appeal, finding that the notice of appeal "in no meaningful way identified the basis of appeal from the decision of the immigration judge."
 
 II
 Standard of Review
 
 9
 "Although our Circuit has 'not clearly articulated the standard for reviewing BIA summary dismissal of appeals ..., we have analyzed whether such summary dismissals are "appropriate." ' " Toquero v. INS, 956 F.2d 193, 194 (9th Cir.1992) (quoting Martinez-Zelaya v. INS, 841 F.2d 294, 295 (9th Cir.1988)); see also Escobar-Ramos v. INS, 927 F.2d 482, 484 (9th Cir.1991) (ruling on the "appropriateness" of the BIA's summary dismissal).
 
 III
 Analysis
 
 10
 Pursuant to 8 C.F.R. § 3.1(d)(1-a)(i), the BIA may summarily dismiss an appeal if an alien fails to specify the reasons for the appeal in the notice of appeal. This court has held that "summary dismissal by the BIA is appropriate if an alien submits no separate written brief or statement to the BIA and inadequately informs the BIA of 'what aspects of the IJ's decision were allegedly incorrect and why.' " Martinez-Zelaya, 841 F.2d at 296 (quoting Reyes-Mendoza v. INS, 774 F.2d 1364, 1365 (9th Cir.1981)).
 
 
 11
 Here, the petitioners' notice of appeal did not adequately inform the BIA of the specific grounds for his appeal. See Martinez-Zelaya, 841 F.2d at 296. Although, the petitioners cited INS v. Cardoza-Fonseca, the statement in the notice of appeal failed to identify any specific error by the IJ or meaningfully apprise the BIA of the basis for their appeal. See Toquero, 956 F.2d at 195. The petitioners merely presented a general allegation of error in the IJ's decision. Thus, based on the information contained in the notice of appeal, the BIA "was left guessing at how and why petitioner[s] thought the court had erred." Toquero, 956 F.2d at 195 (quotations omitted). Accordingly, summary dismissal under 8 C.F.R. § 3.1(d)(1-a)(i) was "appropriate." See Martinez-Zelaya, 841 F.2d at 296; Reyes-Mendoza, 774 F.2d at 1364-65.
 
 
 12
 On appeal, the petitioners do not address the propriety of the BIA's summary dismissal. Instead, they seek review of the IJ's underlying decision. To the extent they do, their "arguments come too late." Martinez-Zelaya, 841 F.2d at 296 (review is limited to the BIA's decision).
 
 
 13
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3