990 F.2d 1256
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Maria Guadalupe CUEVAS-BARRAGAN, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 Nos. 91-70559, 92-70197.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 12, 1993.
Decided March 22, 1993.
 
 Before GOODWIN, NOONAN and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Maria Guadalupe Cuevas-Barragan (Cuevas) petitions for review of the summary dismissal by the Board of Immigration Appeals' (the Board) of the Immigration Judge's order finding her deportable and denying voluntary departure. Cuevas also petitions for review of the Board's denial of her motion to reopen. We affirm the decisions of the Board.
 
 FACTS
 
 3
 Cuevas entered the United States between 1971 and 1973 when she was approximately 11 years old. In 1985 she paid a woman to arrange a fraudulent marriage for her and applied for registration and an immigrant visa once the marriage was accomplished. Cuevas was issued an order to show cause in 1990 charging her with deportability for entering without a valid visa, procuring a visa by fraud, and entering for the purpose of engaging in work without the proper certification.
 
 PROCEEDINGS
 
 4
 At the deportation hearing Cuevas conceded the charges alleged in the order to show cause and designated Mexico as the country of deportation. The Immigration Judge allowed her to present evidence on the equities of why she should be granted voluntary departure, the only relief sought. The Immigration Judge found Cuevas deportable and ineligible for voluntary departure; due to her fraudulent marriage she could not meet the good moral character requirement. Cuevas filed a timely notice of appeal to the Board.
 
 
 5
 Seven months after the notice of appeal was filed, the Board summarily dismissed the case. Cuevas did not file a brief and the Board found she had failed to identify the bases for her appeal. Cuevas obtained new counsel and filed a timely notice of appeal from the Board's summary dismissal. Several weeks after filing the notice of appeal, Cuevas also filed a motion to reopen and a request for stay of deportation with the Board. The motion was denied by the Board in February 1992. Cuevas filed a timely notice of appeal from the Board's denial of the motion to reopen. The separate appeals were consolidated into one case by order of this court.
 
 ANALYSIS
 A. Summary Dismissal
 
 6
 In her appeal from the Board's summary dismissal of the Immigration Judge's finding that Cuevas was deportable and ineligible for voluntary departure, she argues that summary dismissal was improper without a full review of the record. She relies on Escobar-Ramos v. INS, 927 F.2d 482 (9th Cir.1991), for the proposition that the Board must fully review the record before summarily dismissing an appeal. Immigration and Naturalization Service Regulations allow for summary dismissal of an appeal for four reasons: the reasons for appeal are not adequately noted on the notice of appeal; the finding appealed from was conceded by the petitioner; the appeal is from an order granting the relief requested by the petitioner; or the Board is satisfied that the appeal is frivolous and filed solely for delay. 8 C.F.R. § 3.1(d)(1-a). The court in Escobar-Ramos agreed that the Board must review the record and state that it has done so when it grants summary dismissal for the last of the above reasons. 927 F.2d at 484. The Board in the present case, however, dismissed the appeal not because it was frivolous but because Cuevas failed to adequately state the bases for her appeal. Review of the record is not required prior to dismissal for failure to state the grounds for appeal. See id.
 
 
 7
 The notice of appeal filed by Cuevas stated that "[t]he Immigration Judge erred in not granting my request for voluntary departure. I have outstanding equities in the United States and all my family." The notice stated that Cuevas would file a separate brief or statement. No such brief was ever filed. The Board has strictly interpreted the regulation requiring notice to the Board of the bases for appeal and that strict interpretation has been approved by this court. Toquero v. INS, 956 F.2d 193, 195 (9th Cir.1992) (quoting Matter of Valencia, Int.Dec. 3006, 2-3 (BIA1986)). As in Toquero, Cuevas failed to specifically note the error made by the Immigration Judge: "Rather than describing how the evidence established extreme hardship and why the IJ erred, [Cuevas] makes a generalized and conclusory statement about the proceedings before the IJ." Id. (emphasis in original). The notice of appeal alone was insufficient to notify the Board of the bases for the appeal and require full review of the record before dismissal.
 
 B. Motion to Reopen
 
 8
 On appeal from the Board's summary dismissal of the Immigration Judge's decision, Cuevas argued that her counsel was ineffective in not filing a brief and not seeking registry relief, thereby depriving her of due process. The argument was made to present a case similar to that in Escobar-Ramos v. INS, 927 F.2d 482 (9th Cir.1991), where the court recognized an exception for failure to file a brief due to extraordinary circumstances. Cuevas wanted the opportunity to present her case to the Board again so that she might seek registry relief. We need not consider the ineffective assistance of counsel issue since Cuevas was able to present her claim for registry in her motion to reopen. The Board found that Cuevas had not proven prima facie eligibility for registry and denied her motion to reopen. We now consider whether the Board erred in so denying Cuevas's motion.
 
 
 9
 The relief known as registry is created in 8 U.S.C. § 1259 (1970 & Supp.1992), and grants the Attorney General discretion to make a record of lawful admission for permanent residence for an alien who entered the United States prior to January 1, 1972 and is of good moral character. In denying the motion to reopen, the Board found that Cuevas had failed to prove both that she entered the country prior to 1972 and that she was of good moral character. Statutory eligibility for registry is arguably a purely legal question which is subject to de novo review. Abedini v. INS, 971 F.2d 188, 190-91 (9th Cir.1992). This case, however, turns on the facts. "We review factual findings underlying the BIA's decision under the 'substantial evidence' standard." Rodriguez-Rivera v. U.S. Dept. of Immigration and Naturalization, 848 F.2d 998, 1001 (9th Cir.1988).
 
 
 10
 In support of her motion to reopen, Cuevas submitted an affidavit claiming to have entered the United States on August 5, 1971 with an aunt, now deceased, and two sisters. The rest of her family arrived in 1973. She claims to have resided with her step-mother since entering the country. In another affidavit submitted by Cuevas, the step-mother claims that Cuevas has lived with her continuously since Cuevas's mother's death in 1959. This affidavit states that Cuevas entered the country in 1971 but fails to mention when the step-mother entered. Cuevas also produced affidavits from several friends and employers. None of the affiants clearly state that he or she is personally aware that Cuevas entered the country in 1971.
 
 
 11
 In contrast to the above evidence, in Cuevas's application for an immigrant visa following her fraudulent marriage, she indicated her year of entry into the United States as 1973. Cuevas signed the application, swearing that the contents were true and complete to the best of her belief and knowledge. Cuevas testified at the deportation hearing that she entered the country with her step-mother and entire family in 1972. As the Board noted, Cuevas's claims to have entered the United States in 1971 are not accompanied by any documentary evidence. Given the discrepancies and holes in Cuevas's evidence, the Board's finding that "[t]he statements and affidavits alone form an inadequate foundation, without more, to show her presence in the United States in 1971" is substantially reasonable. In light of this finding, Cuevas has not satisfied her burden of proving prima facie eligibility for relief and we need not consider the Board's further determination that she lacked good moral character.
 
 
 12
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3