999 F.2d 542
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Edwin CORDON-RESENOS, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 92-70033.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 15, 1993.*
Decided July 21, 1993.
 
 1
 Before: WOOD**, REINHARDT, and RYMER, Circuit Judges
 
 
 2
 MEMORANDUM***
 
 
 3
 Edwin Cordon-Resenos, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals's (BIA) summary dismissal of his appeal of the Immigration Judge's (IJ) deportation order. The IJ determined that Cordon-Resenos was statutorily ineligible for voluntary departure because of his admissions that he had entered the country without inspection in February 1984, and that he had been convicted in March 1990 of the sale or transportation of marijuana. After an independent review of the evidence of record, transcripts, and briefings, the BIA concluded that Cordon-Resenos's appeal was frivolous and summarily dismissed pursuant to 8 C.F.R. § 3.1(d)(1-a)(iv). We have jurisdiction under 8 U.S.C. § 1105a, and we deny the petition for review.
 
 
 4
 * "Although our Circuit has 'not clearly articulated the standard for reviewing BIA summary dismissal of appeals ..., we have analyzed whether such summary dismissals are "appropriate." ' " Toquero v. INS, 956 F.2d 193, 194 (9th Cir.1992)); see also Escobar-Ramos v. INS, 927 F.2d 482, 484 (9th Cir.1991) (ruling on whether the BIA's summary dismissal was "appropriate").
 
 II
 
 5
 Cordon-Resenos first argues that the BIA should not have summarily dismissed his petition because the IJ abused his discretion in denying Cordon-Resenos a continuance so that he could attack his state court conviction by means of a writ of coram nobis.
 
 
 6
 Cordon-Resenos's argument is without merit. "The decision to grant or deny a continuance is in the sound discretion of the judge and will not be overturned except on a showing of clear abuse." De La Cruz v. INS, 951 F.2d 226, 229 (9th Cir.1991). As Cordon-Resenos does not dispute that at the time of his hearing, he "was statutorily ineligible for voluntary departure, the IJ did not err in refusing to continue the deportation hearing; no purpose would have been served by a continuance." Id.
 
 III
 
 7
 Cordon-Resenos requests that this court remand his case to the BIA for consideration of the "new fact" that he withdrew his guilty plea.
 
 
 8
 There is no basis for a remand. Cordon-Resenos "must follow the INS regulations and file a motion to reopen ... with the BIA." Roque-Carranza v. INS, 778 F.2d 1373, 1374 (9th Cir.1985).
 
 
 9
 The petition for review is DENIED, and the decision of the BIA is AFFIRMED. The order of deportation shall be stayed for sixty days from the filing of this memorandum disposition to allow time for Cordon-Resenos to file a motion to reopen and, if a motion to reopen is filed with the BIA, for such further time as is necessary for the disposition of the motion by the BIA. Id.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 Honorable Harlington Wood, Jr., Senior United States Circuit Judge for the Seventh Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3