19 F.3d 1440
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Farrukh MOHAMMAD, Petitioner,
v.
UNITED STATES IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 92-70837.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 8, 1994.*
Decided March 16, 1994.
 
 Before: FLETCHER, BRUNETTI, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Farrukh Mohammad, a native and citizen of Pakistan, petitions for review of the Board of Immigration Appeals' ("BIA") summary dismissal of his appeal for failure to specify adequately the grounds for the appeal pursuant to 8 C.F.R. Sec. 3.1(d)(1-a)(i). We have jurisdiction pursuant to 8 U.S.C. Sec. 1105a(a), and deny the petition for review.
 
 
 3
 * Background
 
 
 4
 Mohammad entered the United States in January 1991 as a nonimmigrant visitor with permission to remain for six months. On October 2, 1991, the Immigration and Naturalization Service issued an order to show cause charging Mohammad with being deportable pursuant to section 241(a)(1)(C)(i) of the Immigration and Naturalization Act, 8 U.S.C. Sec. 1251(a)(1)(C)(i) because he remained in the United States beyond six months without authorization.
 
 
 5
 Mohammad conceded deportability and requested asylum and withholding of deportation or, in the alternative, voluntary departure. At his deportation hearing, Mohammad testified that he feared returning to Pakistan because, as president of a local group of a political party in Pakistan, he faced persecution from members of an opposing political party. The immigration judge ("IJ") denied Mohammad's request for asylum or withholding of deportation, but granted him voluntary departure.
 
 
 6
 Mohammad timely filed a Form EOIR-26 notice of appeal with the BIA in which he stated:
 
 
 7
 Respondent claims he was president of the Minority Pakistan Political Party (PPP) he was active in the PPP and was arrested in December 1989 for his political role and detained for 3 weeks under interrogation and torture, the persecutions occurred under the direction of the new Islamie party (IJI) therefore respondents fled.
 
 
 8
 In his notice of appeal, Mohammad indicated that he would be filing a separate brief. A copy of the transcript of the deportation hearing was sent to Mohammad on June 9, 1992, and a briefing schedule was set. Because the transcript was apparently sent to an incorrect address, another copy of the transcript was sent to Mohammad on September 23, 1992 and Mohammad was given an additional thirty days to file a brief. Mohammad failed, however, either to file a brief or seek an additional extension of time in which to do so. On November 2, 1992, the BIA summarily dismissed Mohammad's appeal, stating that Mohammad "has failed to specify the reasons for his appeal and we are accordingly unable to meaningfully review the record."
 
 II
 Standard of Review
 
 9
 "Although our Circuit has 'not clearly articulated the standard for reviewing BIA summary dismissal of appeals ..., we have analyzed whether such summary dismissals are 'appropriate.' " Toquero v. INS, 956 F.2d 193, 194 (9th Cir.1992) (quoting Martinez-Zelaya v. INS, 841 F.2d 294, 295 (9th Cir.1988)); see also Escobar-Ramos v. INS, 927 F.2d 482, 484 (9th Cir.1991) (ruling on "appropriateness" of BIA's summary dismissal).
 
 III
 Analysis
 
 10
 Pursuant to 8 C.F.R. Sec. 3.1(d)(1-a)(i), the BIA may summarily dismiss an appeal if an alien fails to specify the reasons for the appeal in the notice of appeal. This court has held that "summary dismissal by the BIA is appropriate if an alien submits no separate written brief or statement to the BIA and inadequately informs the BIA of 'what aspects of the IJ's decision were allegedly incorrect and why.' " Martinez-Zelaya, 841 F.2d at 296 (quoting Reyes-Mendoza v. INS, 774 F.2d 1364, 1365 (9th Cir.1985)).
 
 
 11
 Here, Mohammad's notice of appeal did not adequately inform the BIA of the specific grounds for his appeal. See Martinez-Zelaya, 841 F.2d at 296. The statements in the notice of appeal failed to cite any legal authority and did not apprise the BIA of the legal or factual basis for his appeal in any meaningful way. See Toquero, 956 F.2d at 195. Because it is unclear which aspect of the IJ's decision Mohammad was challenging, the BIA " 'was left guessing at how and why petitioner thought the court had erred.' " Id. (quoting Lozada v. INS, 857 F.2d 10, 13 (1st Cir.1988)).
 
 
 12
 Thus, based on the information contained in the notice of appeal, the BIA's summary dismissal under 8 C.F.R. Sec. 3.1(d)(1-a)(i) was "appropriate." See Toquero, 956 F.2d at 194-96; Martinez-Zelaya, 841 F.2d at 296. Accordingly, Mohammad's petition for review is denied.[1]
 
 
 13
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Throughout his brief on appeal to this court, Mohammad challenges the IJ's findings. Because our review is limited to the BIA's decision, Charlesworth v. INS, 966 F.2d 1323, 1325 (9th Cir.1992), we do not address these challenges