## Jose Luis GARCIA CANTOR; Elisa Santa Maria–Hernandez, Petitioners,

### v.

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

**Alberto R. GONZALES,\* Attorney General, Respondent.**

**No. 04–70246.**

United States Court of Appeals, Ninth Circuit.

Submitted May 9, 2005.\*\*

Decided May 16, 2005.

Jessica Dominguez, Esq., Marcy Miranda Janes, Esq., Law Office of Jessica Dominguez, Sherman Oaks, CA, for Petitioners.

CAC–District Counsel, Esq., Office of the District Counsel, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, San Francisco, CA, Jacqueline R. Dryden, Esq., Washington, DC, for Respondent.

Before: PREGERSON, CANBY, and THOMAS, Circuit Judges.

MEMORANDUM \*\*\*

Jose Luis Garcia Cantor and his wife Elisa Santa Maria–Hernandez, natives and citizens of Mexico, petition for review of the Board of Immigration Appeals' ("BIA") denial of their motion to file a late brief and the BIA's summary affirmance of an Immigration Judge's ("IJ") denial of their applications for cancellation of removal. To the extent we have jurisdiction, it is conferred by 8 U.S.C. § 1252. We review the BIA's denial of a motion to file a late brief for an abuse of discretion. *See* 8 C.F.R. § 1003.3(c)(1) (2004). We dismiss in part and grant in part the petition for review.

We have jurisdiction under 8 U.S.C. § 1252 to review the BIA's denial of the Petitioners' motion to file a late brief. *See Medina–Morales v. Ashcroft,* 371 F.3d 520,

---

\* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

528 (9th Cir.2004) (indicating that the jurisdictional bar contained in 8 U.S.C. § 1252(a)(2)(B)(ii) applies only to acts where the Attorney General has pure discretion "unguided by legal standards or statutory guidelines"); *cf. Escobar–Ramos v. INS,* 927 F.2d 482, 486 (9th Cir. 1991) (indicating that "extraordinary circumstances" can excuse the failure to timely file a brief with the BIA). The BIA abused it's discretion in refusing a late brief because the Petitioners' attorney's failure to timely file an appellate brief constituted ineffective assistance of counsel and it was apparent from the face of the record. *See Rodriguez–Lariz v. Ashcroft,* 282 F.3d 1218, 1227 (9th Cir.2002). The failure to timely file an appellate brief raises a presumption of prejudice to the Petitioners because it deprived them of an opportunity to appeal potentially meritorious issues relating to the denial of their applications for cancellation of removal. *See Rojas–Garcia v. Ashcroft,* 339 F.3d 814, 826 (9th Cir.2003). This presumption has not been rebutted because the Petitioners submitted evidence to the IJ indicating that they could plausibly receive cancellation of removal. *See Dearinger ex rel. Volkova v. Reno,* 232 F.3d 1042, 1046 (9th Cir.2000).

We remand for the BIA to consider the Petitioners' arguments contained in their late filed appellate brief. *See INS v. Ventura,* 537 U.S. 12, 16–17, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

We lack jurisdiction over the Petitioners contention that they received ineffective assistance of counsel before the IJ because they did not exhaust this issue before the BIA. *See Barron v. Ashcroft,* 358 F.3d 674, 677–78 (9th Cir.2004) (explaining that exhaustion is jurisdictional).

All remaining contentions are unpersuasive.

PETITION FOR REVIEW DISMISSED in part GRANTED in part; REMANDED.