**Reul Bote EBBAH, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–72432.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 16, 2006.*

Filed Oct. 23, 2006.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Flomy Javier Diza, Esq., Jeremy Johnson, Esq., Reeves & Associates, San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Deborah R. Kant, Marleigh Dover, Esq., U.S. Department of Justice Civil Division/Appellate Staff, Washington, DC, for Respondent.

Before: T.G. NELSON, W. FLETCHER, and RAWLINSON, Circuit Judges.

MEMORANDUM **

Reul Bote Ebbah, a native and citizen of the Philippines, petitions for review of the Board of Immigration Appeals' ("BIA") decision dismissing his appeal from an Immigration Judge's ("IJ") denial of his application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence and will uphold the BIA's and

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

IJ's decisions unless the evidence compels a contrary conclusion. *INS v. Elias–Zacarias,* 502 U.S. 478, 481, 483–84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). We deny the petition.

Substantial evidence supports the BIA's and IJ's decisions, because the unfulfilled threats made against Ebbah do not constitute past persecution or form an adequate basis for a well-founded fear of future persecution. *See Hoxha v. Ashcroft,* 319 F.3d 1179, 1182 (9th Cir.2003); *Quintanilla–Ticas v. INS,* 783 F.2d 955, 957 (9th Cir.1986). Accordingly, he is not eligible for asylum.

Because Ebbah failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. *See Fisher v. INS,* 79 F.3d 955, 960–61 (9th Cir.1996) (en banc).

The BIA did not abuse its discretion in denying Ebbah's motion to file a late brief, because he failed to demonstrate extraordinary circumstances. *Cf. Escobar–Ramos v. INS,* 927 F.2d 482, 485–86 (9th Cir.1991) (holding BIA should consider late-filed brief where there is a showing of extraordinary circumstances). Ebbah's due process rights were not violated by the BIA's denial of his motion to file a late brief, because he failed to show prejudice. *See Colmenar v. INS,* 210 F.3d 967, 971 (9th Cir.2000).

**PETITION FOR REVIEW DENIED.**