**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-1751**

GEIMY LORENE HILARIO-MOLINA,

              Petitioner,

      v.

ERIC H. HOLDER, JR., Attorney General,

              Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted:  September 7, 2012     Decided:  September 19, 2012

Before NIEMEYER, KING, and SHEDD, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Hilario Mercado, Jr., MERCADO & CASTILLO, P.L.L.C., Falls Church, Virginia, for Petitioner.  Stuart F. Delery, Acting Assistant Attorney General, Linda S. Wernery, Assistant Director, Susan Bennett Green, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Geimy Lorene Hilario-Molina ("Hilario"), a native and citizen of El Salvador, petitions for review of an order of the Board of Immigration Appeals ("Board") sustaining the Attorney General's appeal, vacating the immigration judge's order, denying her motions to dismiss, and finding that she did not establish she was eligible for asylum or withholding of removal based on her membership in a particular social group. We deny the petition for review.

We conclude that the Board's decision denying Hilario's motions to dismiss based on an untimely notice of appeal was not clearly erroneous. Substantial evidence supports the finding that the Government filed a timely notice of appeal. Hilario's challenge to this finding is based in part on speculation. We further conclude that the Board did not abuse its discretion in denying Hilario's motion for summary dismissal. See Lapaix v. Attorney General, 605 F.3d 1138, 1144-45 (11th Cir. 2010); Escobar-Ramos v. INS, 927 F.2d 482, 484 (9th Cir. 1991).

The INA permits the Attorney General to grant asylum to any refugee who applies. The refugee must show that she is unwilling or unable to return to her country because she has a well founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or

2

political opinion.  Crespin-Valladares v. Holder, 632 F.3d 117, 124 (4th Cir. 2011).  The court will vacate the Board's order if it is "'manifestly contrary to law.'"  Id.  (quoting 8 U.S.C. § 1252(b)(4)(C) (2006)).  Factual findings are accepted unless any reasonable adjudicator would be compelled to conclude to the contrary, and legal conclusions are reviewed de novo.  The Board's order is accorded substantial deference.  Id.

Neither the INA nor the associated regulations define "particular social group."  This court defers to the Board's reasonable interpretation of the term.  Lizama v. Holder, 629 F.3d 440, 446-47 (4th Cir. 2011).  A particular social group must meet three criteria:  "(1) its members share common, immutable characteristics, (2) the common characteristics give its members social visibility, and (3) the group is defined with sufficient particularity to delimit its membership."  Id., 629 F.3d at 447 (citing  Matter of E-A-G-, 24 I. & N. Dec. 591, 594 (BIA 2008); In re A-M-E & J-G-U, 24 I. & N. Dec. 69, 74-76 (BIA 2007); Matter of Acosta, 19 I. & N. Dec. 211, 233 (BIA 1985), overruled on other grounds by Matter of Mogharrabi, 19 I. & N. Dec. 439 (BIA 1987)).  Whether a group is a particular social group is a question of law reviewed de novo.  See Malonga v. Mukasey, 546 F.3d 546, 553 (8th Cir. 2008).

We have reviewed the record and the Board's opinion and conclude that Hilario did not establish that she was a

3

member of a particular social group with common, immutable characteristics for the reasons cited by the Board. We further conclude that Hilario's group was not sufficiently particular. We also note that the Board did not improperly review the factual findings that supported the immigration judge's conclusion that Hilario was a member of a particular social group.

Because Hilario did not establish membership in a particular social group, the Board correctly found she was not entitled to asylum or withholding of removal. Accordingly, we deny the petition for review. We also deny the Attorney General's motion to remand and deny as moot Hilario's motion to remove the case from abeyance. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED