Gerardo Antonio
ROQUE–CARRANZA, Petitioner,

v.

IMMIGRATION AND NATURALIZA-
TION SERVICE, Respondent.

No. 83–7281.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 14, 1985.

Decided Dec. 17, 1985.

Jack Brand, Point Richmond, Cal., for petitioner.

Joseph C. Ciolino, Atty., Washington, D.C., for respondent.

Before BROWNING, Chief Judge, ANDERSON and NELSON, Circuit Judges.

J. BLAINE ANDERSON, Circuit Judge:

Petitioner Gerardo Antonio Roque-Carranza is a native of El Salvador who entered the United States without inspection. At his deportation proceedings, petitioner was represented by a non-attorney certified representative. On July 20, 1982, following a hearing, the Immigration Judge (IJ) denied petitioner's application for asylum (8 U.S.C. § 1158(a)) and withholding of deportation (8 U.S.C. § 1253(h)). Petitioner's representative appealed the decision to the Board of Immigration Appeals (BIA), and the BIA eventually dismissed the appeal for failure to specify grounds. Petitioner's representative had not filed a brief or requested oral argument.

On appeal to this court, petitioner argues that he was denied a full and fair hearing due to the ineffective assistance of his counsel below. To support this claim, petitioner proffers new evidence which he believes his representative should have discovered and presented at the hearing. This evidence, petitioner argues, would prove at least a well-founded fear of persecution.

INS regulations set out a mechanism for the reopening or reconsideration of deportation hearings. The petitioner must submit a motion to reopen to the BIA and state the new facts to be proved at the reopened

hearing. 8 C.F.R. § 3.8(a) (1985). The BIA is vested with the discretion to determine when a hearing should be reopened, *INS v. Wang*, 450 U.S. 139, 143 n. 5, 101 S.Ct. 1027, 1030 n. 5, 67 L.Ed.2d 123 (1981), based upon its evaluation of whether the evidence sought to be introduced is material and was previously unavailable. 8 C.F.R. § 3.2 (1985). We have held that in circumstances such as at bar we will not supersede this ordinary reopening procedure by compelling the BIA to reopen the hearing. *Ramirez-Gonzalez v. INS*, 695 F.2d 1208, 1213 (9th Cir.1983). Thus, the petitioner must follow the INS regulations and file a motion to reopen or for reconsideration with the BIA.

In assessing petitioner's due process claim, we must take these procedures for reopening into account.

"Only if we could say in advance of resort to the statutory procedure that it is incapable of affording due process to petitioner[ ] could we conclude that [he has] shown any legal excuse for [his] failure to resort to it or that [his] constitutional rights have been or will be infringed."

*Bakersfield City School District v. Boyer*, 610 F.2d 621, 626 (9th Cir.1979) (quoting *Yakus v. United States*, 321 U.S. 414, 434–435, 64 S.Ct. 660, 672, 88 L.Ed. 834 (1944) ); *see also Rodrigues v. Donovan*, 769 F.2d 1344, 1349 (9th Cir.1985). If the additional evidence petitioner seeks to present is material, he may obtain review of it by presenting it in a motion to reopen, citing his counsel's incompetence and abandonment of his case as the reason the new evidence "was not available and could not have been discovered or presented at the former hearing...." 8 C.F.R. § 3.2 (1985). This procedure will avoid any premature interference with the agency's processes and, in addition to affording the parties and courts the benefit of the agency's expertise, it will compile a record which is adequate for judicial review. *Rodrigues*, 769 F.2d at 1349 (citing *Weinberger v. Salfi*, 422 U.S. 749, 765, 95 S.Ct. 2457, 2466, 45 L.Ed.2d 522 (1975)).

If his motion to reopen is denied, petitioner may challenge in this court the BIA's decision as violative of due process through a petition to review the BIA's refusal to reopen. *See Chadha v. INS*, 634 F.2d 408, 412–15 (9th Cir.1980), *aff'd*, 462 U.S. 919, 937–39, 103 S.Ct. 2764, 2777–78, 77 L.Ed.2d 317 (1983). At such a time, this court would be able to consider *de novo*, *Lord Jim's v. NLRB*, 772 F.2d 1446, 1448 (9th Cir.1985), and on a full record "the risk of an erroneous deprivation . . . through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards . . . ." *Mathews v. Eldridge*, 424 U.S. 319, 335, 96 S.Ct. 893, 903, 47 L.Ed.2d 18 (1976).

Accordingly, the petition for review is DENIED and the decision of the BIA is AFFIRMED. The order of deportation shall be stayed for sixty days from the filing of this opinion, to allow time for petitioner to file a motion to reopen and, if a motion to reopen is filed with the BIA, for such further time as is necessary for the disposition of the motion by the BIA. *See Alvarez-Ruiz v. INS*, 749 F.2d 1314, 1316 (9th Cir.1984) (as amended) (per curiam).