985 F.2d 572
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Felix Pedro FLORES-MOLINA, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 90-70532.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 13, 1993.*
Decided Feb. 8, 1993.
 
 Petition to Review a Decision of the Immigration and Naturalization Service; No. Apl-rvg-xpt.
 I.N.S.
 PETITION GRANTED.
 Before ALDISERT,** GOODWIN and FLETCHER, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 In Castillo-Villagra v. INS, 972 F.2d 1017 (9th Cir.1992), a Nicaraguan national and her two daughters appealed to the Board of Immigration Appeals an adverse decision of an immigration judge who had denied the aliens' request for asylum or withholding of deportation. The aliens contended that they would be persecuted because of their stated anti-Sandinista sentiments were they to return to their homeland. In denying their appeal, the Board took administrative notice "that the Sandinista Party no longer governs Nicaragua." The Board did not give prior notification of its taking notice of the Nicaragua government change. We granted the petition for review and held that the failure to give such notification constituted a denial of due process. Castillo-Villagra controls the outcome of the present petition for review by Felix Pedro Flores-Molina.
 
 
 3
 Flores-Molina, also a citizen of Nicaragua, entered the United States illegally on July 24, 1984. Upon being apprehended by officials of the Immigration and Naturalization Service, he applied for asylum or, alternatively, for withholding of deportation, contending that he would be persecuted if returned to Nicaragua. The Board of Immigration Appeals denied his application and ordered him deported, reasoning that his fear of persecution was not well-founded in light of the fall of the Sandinista government of Nicaragua. As in Castillo-Villagra, the Board applied the doctrine of administrative notice and found as a fact that the Sandinista Party no longer governs Nicaragua. Flores-Molina now petitions this court for review of that decision.
 
 
 4
 The Board's order was dated September 21, 1990. On October 19, 1990 a timely petition for review was filed. 8 U.S.C. § 1105a(a)(1) (Prior to January 1, 1991 the limitations period for filing petitions for review was six months after the Board's final decision; for petitions filed thereafter, the limitations period is 90 days). Accordingly, we have jurisdiction.
 
 
 5
 Our review of the Board's decision is governed by Castillo-Villagra v. INS, which held (1) the opportunity to move to reopen the Board's decision in order to present evidence to rebut the administrative notice finding as provided by 8 C.F.R. §§ 3.2, 3.8, INS v. Abudu, 485 U.S. 94, 97-98 (1988), and by Rogue-Carranza v. INS, 778 F.2d 1373, 1373-74 (9th Cir.1985), was "inadequate" to satisfy due process, and (2) "[t]he Board erred in taking notice of the change of government without providing the petitioners an opportunity to rebut the noticed facts." 972 F.2d at 1029.
 
 
 6
 Because the Board improperly took administrative notice in this case, we must vacate its decision and remand under Castillo-Villagra, 972 F.2d at 1029, 1031. For the purposes of this appeal we do not pass on the sufficiency of the evidence adduced by petitioner in support of his requests for asylum and withholding of deportation. We reserve judgment on this issue until the Board affords petitioner an opportunity to show cause why administrative notice should not be taken, or to supplement the record in order to rebut noticed facts in full compliance with his due process rights under the Fifth Amendment.
 
 
 7
 The petition for review is GRANTED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 Ruggero J. Aldisert, Senior Judge, United States Court of Appeals for the Third Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3