996 F.2d 1223
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ayodelle AIGBEVBOLLE, Petitioner,
v.
UNITED STATES IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 92-70626.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 21, 1993.*
Decided June 29, 1993.
 
 Before: CANBY, FERNANDEZ, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ayodelle Aigbevbolle, a native and citizen of Nigeria, petitions for review of the Board of Immigration Appeals' ("BIA") denial of his motion to reopen his deportation proceedings. We have jurisdiction pursuant to 8 U.S.C. § 1105(a), and we deny Aigbevbolle's petition for review.
 
 
 3
 In the motion to reopen, Aigbevbolle's counsel alleged that he had discovered material evidence which was not available and could not have been presented at Aigbevbolle's deportation hearing.[1] The BIA denied Aigbevbolle's motion to reopen, determining that he had failed to establish reasonable cause for his failure to appear at the hearing. On appeal, Aigbevbolle, appearing pro se, abandons the claims raised in his motion to reopen and argues for the first time that the BIA should reopen the proceedings because he had ineffective assistance of counsel which deprived him of due process under the Fifth Amendment.
 
 
 4
 INS regulations set out a mechanism for the reopening of deportation hearings. See 8 CFR §§ 3.2, 242.22. The petitioner must submit a motion to the BIA and state the new facts to be proved at the reopened hearing. See 8 CFR § 3.8(a). The BIA is vested with the discretion to determine when a hearing should be reopened, based upon its evaluation of whether the evidence sought to be introduced is material and was previously unavailable. See INS v. Abudu, 485 U.S. 94, 104-05 (1988); Roque-Carranza v. INS, 778 F.2d 1373, 1374 (9th Cir.1985); 8 CFR § 3.2. "In assessing petitioner's due process claim, we must take these procedures for reopening into account." Roque-Carranza, 778 F.2d at 1374. Therefore, individuals must first present a claim to the BIA, in a motion to reopen, before seeking our review on the issue. See Ramirez-Durazo v. INS, 794 F.2d 491, 500 n. 7 (9th Cir.1986); Roque-Carranza, 778 F.2d at 1374. "This procedure will avoid any premature interference with the agency's processes and, in addition to affording the parties and courts the benefit of the agency's expertise, it will compile a record which is adequate for judicial review." Roque-Carranza, 778 F.2d at 1374.
 
 
 5
 If the evidence of the "derelictions" of Aigbevbolle's counsel is material and previously unavailable, he may obtain review of it by presenting it in a motion to reopen directly to the BIA. See id. If such a motion to reopen is denied, Aigbevbolle may challenge in this court the BIA's decision as violative of due process through a petition to review the BIA's refusal to reopen. See id.
 
 
 6
 Accordingly, the petition for review is denied. The order of deportation shall be stayed for sixty days from the filing of this memorandum, to allow Aigbevbolle time to file a motion to reopen and, if such a motion is filed with the BIA, for such further time as is necessary for the disposition by the BIA. See id.
 
 
 7
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, we deny Aigbevbolle's request for oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Specifically, Aigbevbolle's affidavit alleged that he did not receive notice of the deportation hearing and that his membership in a class action litigation requires his presence in the United States