50 F.3d 15
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Siha Ebrahim MIKHAEL, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 93-70779.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 9, 1995.*
Decided March 20, 1995.
 
 Before: WALLACE, Chief Judge, HUG and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Siha Ebrahim Mikhael (a.k.a. Joseph Mounir Tous) petitions for review of the Board of Immigration Appeals' denial of his request for asylum, withholding of deportation and voluntary departure in the alternative. This Court has jurisdiction over this timely petition pursuant to 8 U.S.C. Sec. 1105(a)(a). We deny the petition for review.
 
 
 3
 Mikhael is a native and citizen of Egypt who entered the United States as a non-immigrant visitor on May 17, 1986. The Immigration and Naturalization Service ("INS") issued an order to show cause on April 19, 1989, charging Mikhael with deportability because he remained in the United States longer than permitted by his nonimmigrant visitor's visa. Although Mikhael conceded deportability, he applied for asylum and requested withholding of deportation. Mikhael claims that, as a Coptic Christian, he suffered from persecution in Egypt, where Islam is the official religion.
 
 Asylum and Withholding of Deportation
 
 4
 We review for abuse of discretion the Board's decision to grant or deny a request for asylum, Berroteran-Melendez v. INS, 955 F.2d 1251, 1255 (9th Cir.1992), and will reverse the Board's determination that the petitioner is statutorily ineligible for discretionary relief only if a reasonable fact finder would have to find the requisite fear of persecution. INS v. Elias-Zacarias, 112 S.Ct. 812, 815, 817 (1992).
 
 
 5
 We agree with the Board that Mikhael failed to establish either a well-founded fear of persecution to support his request for asylum or a clear probability of persecution to justify withholding of deportation. The evidence presented by Mikhael is set forth fully in the IJ's opinion and we need not restate it here. Although that evidence indicates that some Coptic Christians, as members of a religious minority in Egypt, may suffer persecution for their religious beliefs, it does not suggest that Mikhael has an objectively reasonable fear that he will be persecuted if required to return to his home country.
 
 
 6
 Indeed, Mikhael testified that he was never arrested, detained or threatened while in Egypt. He also testified that his family has not been mistreated, although they are Coptic Christians currently residing in Egypt. Moreover, Mikhael's repeated and extensive visits to Egypt while he lived in Saudi Arabia belie his claim that he possesses a well-founded fear of persecution if he returns. The Board's conclusion that Mikhael has failed to establish that he is eligible for asylum or withholding of deportation is clearly supported by substantial evidence.
 
 Voluntary Departure
 
 7
 Pursuant to 8 U.S.C. Sec. 1254(e), the Attorney General, in her discretion, may permit an alien to depart voluntarily from the United States at his own expense if, among other things, he is a person of good moral character. The IJ concluded that Mikhael was ineligible for voluntary departure because he had given false testimony at his deportation hearing and, pursuant to 8 U.S.C. Sec. 1101(f)(6), could not be considered a person of good moral character. The IJ's determination is supported by the record and therefore was not an abuse of discretion. See Bachelier v. INS, 625 F.2d 902, 905 (9th Cir.1980).
 
 Mikhael's Motion for Remand
 
 8
 Finally, Mikhael requests that this Court remand this matter to the Board for it to consider new evidence he believes substantiates his claims for relief. The appropriate mechanism for bringing new evidence to the Board's attention, however, is to file a motion to reopen with the Board. See Roque-Carranza v. INS, 778 F.2d 1373 (9th Cir.1985). Mikhael's motion to remand is therefore denied.
 
 
 9
 The petition for review is DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3