53 F.3d 339
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Maria Marilyn PAGARIGAN, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 94-70164.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 19, 1995.*
Decided April 26, 1995.
 
 Before: BROWNING, SNEED, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Maria Marilyn Pagarigan, a native and citizen of the Philippines, petitions for review of the Board of Immigration Appeals' ("BIA") order upholding the Immigration Judge's ("IJ") order of deportation after a hearing held in absentia. In her appeal to the BIA, Pagarigan contended that she had reasonable cause for her failure to appear and requested the BIA to remand the deportation hearing to the IJ. We have jurisdiction pursuant to 8 U.S.C. Sec. 1105a(a), and we deny the petition for review.
 
 
 3
 Motions to remand deportation proceedings to an IJ are treated by the BIA similarly to motions to reopen deportation proceedings, Rodriguez v. INS, 841 F.2d 865, 867 (9th Cir.1987), and are reviewed for abuse of discretion. See INS v. Abudu, 485 U.S. 94, 108 (1988). The BIA considers motions to reopen without a hearing and, therefore, "cannot make credibility determinations at this stage of the proceedings." Hernandez-Ortiz v. INS, 777 F.2d 509, 518 (9th Cir.1985). Accordingly, the BIA must accept the truth of the alien's affidavits "unless it finds [the facts asserted] to be 'inherently unbelievable.' " Maroufi v. INS, 772 F.2d 597, 600 (9th Cir.1985) (quoting Hamid v. INS, 648 F.2d 635, 637 (9th Cir.1981)).
 
 
 4
 Section 242(b) of the Immigration and Nationality Act ("Act") provides in pertinent part:
 
 
 5
 If any alien has been given a reasonable opportunity to be present at a proceeding under this section, and without reasonable cause fails or refuses to attend or remain in attendance at such proceeding, the [IJ] may proceed to a determination in like manner as if the alien were present.
 
 
 6
 8 U.S.C. Sec. 1252(b). Generally, however, if the cause of the alien's failure to appear relates to facts not before the IJ at the time of his decision, and the alien can show "reasonable cause" for her failure to appear, the alien may petition to have her case reopened. See Matter of Ruiz, Int.Dec. 3116 (BIA 1989); Matter of Haim, Int.Dec. 3060 (BIA 1988). In order to demonstrate "reasonable cause," the petitioner must support the new facts by affidavits or other evidentiary material. 8 C.F.R. Sec. 103.5; INS v. Wang, 450 U.S. 139, 141 (1981) (per curiam). Where an alien can demonstrate reasonable cause for her failure to appear, section 242(b) of the Act guarantees her right to a hearing. See Matter of Ruiz, Int.Dec. 3116.
 
 
 7
 Here, Pagarigan concedes that she knew of the hearing date and was provided with proper notice of the hearing pursuant to the applicable regulation, see 8 C.F.R. Sec. 292.5(a) (notice of a deportation hearing served on the alien's counsel of record constitutes notice to the alien), but contends that she did not have a reasonable opportunity to attend the hearing because her former counsel informed her that the hearing was scheduled for 1:00 p.m., not 10:30 a.m. In support of her contention, Pagarigan submitted an unsworn declaration stating that on April 14, 1992, her husband called her counsel and was informed that the hearing was set for the next day at 1:00 p.m. Pagarigan arrived at the courthouse at 11:50 and discovered that the hearing had been at 10:30 a.m.
 
 
 8
 The BIA denied Pagarigan's request for a remand, finding that she had failed to establish reasonable cause for her failure to appear at the hearing. This finding is supported by the record. Pagarigan proffered only an unsworn declaration in support of her contention and, as the BIA noted, her former counsel's extemporaneous comments during the hearing regarding Pagarigan's absence were detailed and credible.
 
 
 9
 Because Pagarigan failed to submit a declaration under penalty of perjury, the BIA was not required to accept the truth of Pagarigan's statements. See Hernandez-Ortiz, 777 F.2d at 518; 28 U.S.C. Sec. 1746 (a declaration subscribed as true under penalty of perjury and dated has the same force and effect as a sworn statement or affidavit). In addition, Pagarigan failed to submit evidence corroborating her unsworn declaration and at the hearing her former counsel provided a plausible explanation for her failure to appear. Accordingly, the BIA did not abuse its discretion by finding that Pagarigan did not show reasonable cause for her failure to appear at the hearing. See Abudu, 485 U.S. at 108.
 
 
 10
 Pagarigan also contends that the IJ's order of deportation was the result of ineffective assistance of counsel. Specifically, Pagarigan contends that her former counsel caused her to miss the deportation hearing, and that at the hearing he failed to adequately represent her by not (1) seeking a continuance, (2) advocating her request for adjustment of status, or (3) requesting voluntary departure.
 
 
 11
 This is not the first time that Pagarigan's attorney, Martin Resendez Guajardo, has engaged in conduct that appears to have resulted in forfeiting his clients' opportunity to assert their rights. See Dacuycuy v. INS, No. 93-70559 (9th Cir. Jan. 12, 1995) (unpublished memorandum) (taking judicial notice of Guajardo's disciplinary file and staying order of deportation).[1] Nevertheless, we decline to consider this argument because Pagarigan's proper course of action is to file a motion to reopen and present this claim to the BIA in the first instance. See Rogue-Carranza v. INS, 778 F.2d 1373, 1378 (9th Cir.1985). To be successful, Pagarigan must show that counsel's performance was "so ineffective as to have impinged upon the fundamental fairness of the hearing in violation of the fifth amendment due process clause." See Magallanes-Damian v. INS, 783 F.2d 931, 933 (9th Cir.1986).
 
 
 12
 Although we express no view on whether Pagarigan will meet this heavy burden, we believe that she should have the opportunity to do so. Accordingly, in the exercise of our discretion, we stay our mandate for 90 days from the filing of this memorandum to allow Pagarigan to petition the BIA to reopen her proceedings on a claim of ineffective assistance of counsel. Within fourteen days of the expiration of this period, each party shall file a status report. If Pagarigan files a motion to reopen, the mandate will be further stayed for such time as is necessary for the BIA's disposition of the motion. See Roque-Carranza, 778 F.2d at 1374. If Pagarigan fails to file a motion to reopen within the 90-day period or fails to file a timely status report, the mandate may issue without further notice.
 
 
 13
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 On April 15, 1992, the California Supreme Court suspended Guajardo from the practice of law for one year; the one-year suspension was stayed, and he was suspended for 75 days and placed on a three-year probation. That probation has not expired. Guajardo was also, at one point, disbarred from practicing before the Court of Appeals for the Ninth Circuit, but on a motion to reconsider our court chose to suspend him for six months