57 F.3d 1077
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Adolfo Melisandro MENDIETA-LARIOS, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 94-70704.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 6, 1995.*
Decided June 8, 1995.
 
 On Petition for Review of an Order of the Board of Immigration Appeals, No. Aqj-upl-few.
 BIA
 PETITION DENIED.
 Before: O'SCANNLAIN, LEAVY, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Adolfo Melisandro Mendieta-Larios ("Mendieta-Larios"), a native and citizen of Nicaragua, petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming the decision of an immigration judge ("IJ"), denying his application for asylum and withholding of deportation under sections 208(a) and 243(h) of the Immigration and Nationality Act ("INA"), 8 U.S.C. Secs. 1158(a) and 1253(h), and granting him voluntary departure. We have jurisdiction pursuant to 8 U.S.C. Sec. 1105a(a). We deny the petition.
 
 
 3
 On April 13, 1995, Mendieta-Larios filed a motion in this court seeking to stay the appellate proceedings until the BIA acts on his motion to reopen his deportation proceedings to allow him to apply for suspension of deportation. We deny the motion. See Berroteran-Melendez v. INS, 955 F.2d 1251, 1255 (9th Cir.1992) (explaining that appellate proceedings would not be stayed pending the BIA's disposition of a motion to reopen filed after the petition for review was filed because the potential for abuse of process to circumvent the BIA's discretionary power to grant or deny a stay of deportation outweighs concerns with judicial efficiency).
 
 
 4
 Because the BIA clearly incorporated the IJ's decision, "we treat the IJ's statement of reasons as the BIA's and review the IJ's decision for abuse of discretion." Alaelua v. INS, 45 F.3d 1379, 1382 (9th Cir.1995). "The factual findings underlying the decision are reviewed for substantial evidence, and the IJ's determination should not be reversed absent compelling evidence of persecution." Kazlauskas v. INS, 46 F.3d 902, 905 (9th Cir.1995).
 
 
 5
 To establish eligibility for asylum based on fear of future persecution, asylum applicants must establish a genuine subjective fear of persecution and an objectively reasonable fear. Acewicz v. INS, 984 F.2d 1056, 1061 (9th Cir.1993). The burden is on the applicant to meet this standard. Id. Eligibility for asylum may be based on past persecution alone where an applicant has suffered "under atrocious forms of persecution." Id. at 1062 (citing Matter of Chen, Int.Dec. 3104 at 4 (BIA1989)).
 
 
 6
 Mendieta-Larios testified that as a result of his refusal to participate in the Committee for the Defense of the Sandinistas ("CDS"), his food ration card was confiscated, graffiti was written on the walls of his house, and he was harassed by three brothers who were military officers in a restaurant in 1983 or 1984 (he could not remember the year). He also claims to have been arrested and detained for three days in 1980 or 1981 (again he could not remember the year) for attending an anti-Sandinista meeting.
 
 
 7
 With respect to his three-day detention and the altercation with the three military officers, the IJ's finding that these incidents do not establish a well-founded fear of future persecution on account of political opinion is supported by substantial evidence, including: (1) Mendieta-Larios's testimony that he did not belong to any political party or have any political affiliation; (2) the fact that he was not tortured, beaten or threatened during the brief detention; (3) the fact that he lived in Nicaragua for four or five years after the detention without ever being arrested again; and (4) the fact that the military officers took no adverse action against him after the incident.
 
 
 8
 The IJ correctly found that the confiscation of his food ration card did not amount to persecution. See Saballa-Cortez v. INS, 761 F.2d 1259, 1264 (9th Cir.1985). In any event, Mendieta-Larios concedes that Nicaraguans are no longer required to participate in CDS activities.
 
 
 9
 Contrary to Mendieta-Larios's assertion, the IJ did not base his adverse finding solely on inferences drawn from the change in government in Nicaragua.[1] In finding that he failed to establish a reasonable fear of future political persecution, the IJ stated that Mendieta-Larios had failed to provide sufficient evidence to support a finding that he was arrested and detained because of his political opinion or that the altercation with the three military officers concerned his political beliefs or activities. The IJ's finding is supported by the lack of detail in Mendieta-Larios's description of these incidents. See Kotasz v. INS, 31 F.3d 847, 851 (9th Cir.1994) (stating that the objective component of the "well-founded fear" standard requires credible, direct and specific evidence in the record of facts that support a reasonable fear).
 
 
 10
 Because the standard for withholding of deportation is higher than the standard for a grant of asylum, and because Mendieta-Larios has failed to meet the lower standard for a grant of asylum, we affirm the IJ's denial of request for withholding of deportation. See Acewicz, 984 F.2d at 1062.
 
 
 11
 Mendieta-Larios argues in the alternative that he suffered past persecution sufficient under Desir v. Ilchert, 840 F.2d 723 (9th Cir.1988), and Matter of Chen, Int.Dec. 3104 (BIA1989), to entitle him to asylum, even without proof of a well founded fear of future persecution. The IJ found that the actions taken against him did not constitute persecution. We cannot say that the evidence would compel a reasonable factfinder to conclude otherwise. See Mendez-Efrain, 813 F.2d at 283 (finding that four day detention and interrogation did not constitute persecution).
 
 
 12
 To the extent that Mendieta-Larios argues that the BIA abused its discretion by affirming the IJ's decision for the reasons stated in the IJ's opinion, the argument has no merit because the BIA conducted a de novo review of the record. See Alaelua, 45 F.3d at 1382.
 
 
 13
 To allow the BIA to consider the motion pending before it, we stay our mandate until the BIA has disposed of Mendieta-Larios's motion to reopen his deportation proceeding. See Roque-Carranza v. INS, 778 F.2d 1373, 1374 (9th Cir.1985).
 
 
 14
 PETITION DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The IJ took administrative notice of the fact that the new government in Nicaragua ended compulsory military service and that therefore Mendieta-Larios could no longer reasonably fear that he would be persecuted for refusing to join the military if he returned to Nicaragua. Mendieta-Larios does not argue that the IJ erred in taking administrative notice of the change in government. He argues that despite the change in government, the Sandinistas still control the military and may persecute him for his past activities