65 F.3d 175
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jose Ariel PALACIOS-JINOTEGA, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 95-70040.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 16, 1995.*
Decided Aug. 22, 1995.
 
 Before: ALARCON, FERNANDEZ, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jose Ariel Palacios-Jinotega, a native and citizen of Nicaragua, petitions for review of the decision of the Board of Immigration Appeals (the "BIA") affirming the Immigration Judge's (the "IJ") denial of his requests for asylum and withholding of deportation under sections 208(a) and 243(h) of the Immigration and Nationality Act, 8 U.S.C. Secs. 1158(a), 1253(h). We have jurisdiction pursuant to 8 U.S.C. Sec. 1105a(a) and deny the petition for review.
 
 
 3
 We review for abuse of discretion the BIA's denial of asylum, Abedini v. INS, 971 F.2d 188, 191 (9th Cir.1992), and for substantial evidence the decision to deny the withholding of deportation, Kazlauskas v. INS, 46 F.3d 902, 907 (9th Cir.1995). We review factual findings underlying the determination for substantial evidence and will reverse only if the evidence presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution. Abedini, 971 F.2d at 191.
 
 
 4
 To qualify for asylum, Palacios-Jinotega must demonstrate that he has a well-founded fear of persecution in Nicaragua on account of race, religion, nationality, membership in a particular social group, or political opinion. See 8 U.S.C. Secs. 1158, 1101(a)(42); Berroteran-Melendez v. INS, 955 F.2d 1251, 1255 (9th Cir.1992). To qualify for withholding of deportation, Palacios-Jinotega must meet a higher standard and present evidence of a clear probability of persecution. See 8 U.S.C. Sec. 1253(h); INS v. Stevic, 467 U.S. 407, 430 (1984); Acewicz v. INS, 984 F.2d 1056, 1062 (9th Cir.1993).
 
 
 5
 Palacios-Jinotega contends that the BIA's decision that he failed to establish past persecution or a fear of future persecution by the Sandinistas is not supported by substantial evidence. Palacios-Jinotega claims past persecution and fear of future persecution because of the "clear nexus between him and his families [sic] opposition to the Sandinistas and the persecution visited upon them." Palacios-Jinotega also bases his claim upon "his imputed political opinion of neutrality, and upon his membership in a particular social group, to wit: former members of the Nicaraguan military."
 
 
 6
 We agree with the BIA that Palacios-Jinotega failed to establish past persecution or a well-founded fear of future persecution. Palacios-Jinotega failed to establish that the conditions he was subjected to while serving in the military, and his four-hour detention after leaving the military without permission, had a persecutory motive. See Desir v. Ilchert, 840 F.2d 723, 726 (9th Cir.1988). Similarly, Palacios-Jinotega failed to establish that the Sandinistas ever believed Palacios-Jinotega was a Contra or that his desertion from the army has been interpreted as a political expression. See Abedini, 971 F.2d at 191. To the extent that Palacios-Jinotega claims that he will be persecuted as a former member of the military and therefore that he is entitled to asylum, this argument is foreclosed by our decision in Arriaga-Barrientos v. INS, 937 F.2d 411, 414 (9th Cir.1991).
 
 
 7
 Because the standard for the withholding of deportation is higher than the standard for a grant of asylum and because Palacios-Jinotega did not meet the lower standard for a grant of asylum, we affirm the IJ's denial of Palacios-Jinotega's request for withholding of deportation. See Acewicz, 984 F.2d at 1062.
 
 
 8
 On August 4, 1995, Palacios-Jinotega filed a motion in this court seeking to stay the appellate proceedings until the BIA acts on his motion to reopen his deportation proceedings to allow him to apply for suspension of deportation. We deny the motion. See Berroteran-Melendez v. INS, 955 F.2d 1251, 1255 (9th Cir.1992) Nevertheless, to allow the BIA an opportunity to consider the pending motion, we stay our mandate until the BIA has disposed of Palacios-Jinotega's motion to reopen his deportation proceeding. See Roque-Carranza v. INS, 778 F.2d 1373, 1374 (9th Cir.1985).
 
 
 9
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3