78 F.3d 591
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jaime Rene ALVAREZ-MONTIEL, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 95-70080.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 27, 1996.*
Decided March 5, 1996.
 
 1
 Before: PREGERSON, CANBY, and HAWKINS, Circuit Judges
 
 
 2
 MEMORANDUM**
 
 
 3
 Jaime Rene Alvarez-Montiel, a native and citizen of Nicaragua, petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming the order of an immigration judge ("IJ"), denying his application for asylum and withholding of deportation under sections 208(a) and 243(h) of the Immigration and Nationality Act, 8 U.S.C. §§ 1158(a) and 1253(h). We have jurisdiction pursuant to 8 U.S.C. § 1105a(a), and we deny the petition for review.
 
 
 4
 We review the factual findings regarding an applicant's eligibility for asylum under the substantial evidence standard. See Shirazi-Parsa v. INS, 14 F.3d 1424, 1427 (9th Cir.1994). To obtain a reversal, an applicant must show that his or her evidence " 'was such that a reasonable factfinder would have to conclude that the requisite fear of persecution existed.' " Id. at 1427 (quoting INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992)). We review for substantial evidence the decision to deny withholding of deportation. Kazlauskas v. INS, 46 F.3d 902, 907 (9th Cir.1995).
 
 
 5
 To qualify for asylum, an applicant must demonstrate that he or she has suffered past persecution or has a well-founded fear of future persecution on account of race, religion, nationality, membership in a particular social group, or political opinion. See 8 U.S.C. §§ 1101(a)(42)(A), 1158(a). To establish a well-founded fear of persecution, an applicant must present a genuine subjective fear of harm, and must show that this subjective fear is objectively reasonable. See Shirazi-Parsa, 14 F.3d at 1427. To qualify for withholding of deportation, an applicant must present evidence of a clear probability of persecution. See 8 U.S.C. § 1253(h).
 
 
 6
 Alvarez-Montiel bases his claim for asylum on: (1) his prior employment with the Somoza regime and inability to find work for three years following the Sandinista revolution; (2) an August 1987 "death threat" by a Sandinista military official warning him to discontinue his organizing activities on behalf of the Social Democratic Party or he would have to "face up to the consequences;" (3) his wife's discharge from her teaching position three months after his departure from Nicaragua, and her subsequent inability to regain her job; (4) his failure to report for military duty; (5) his brother's death in June 1990; and (6) his mother's membership in the National Liberal Party.
 
 
 7
 Substantial evidence supports the BIA's determination that Alvarez-Montiel did not establish past persecution or a well-founded fear of persecution by the Sandinistas on account of his political opinion. First, a single death threat by a military official, after which he was released unharmed, does not appear to be so severe so as to compel a finding that Alvarez-Montiel was actually persecuted in the past. See e.g., Prasad v. INS, 47 F.3d 336, 339 (9th Cir.1995); see also, Shirazi-Parsa, 14 F.3d at 1427 (noting that this court's disagreement with the BIA's evaluation of the facts is not sufficient to warrant reversal).
 
 
 8
 Second, the record does not contain any evidence to support a finding that Alvarez-Montiel and his family were subjected to "substantial economic disadvantage" when he was unable to find work following the Sandinista revolution, or when his wife was terminated from her teaching position. See Kovac v. INS, 407 F.2d 102, 107 (9th Cir.1969) (holding that the "deliberate imposition of substantial economic disadvantage" could constitute persecution).
 
 
 9
 Third, Alvarez-Montiel's assertion that he was called for military duty two months after he was warned by a military official to discontinue his political activities, is not, without more, sufficient to compel a finding that the Sandinistas sought to draft or to punish him for political reasons. See Shirazi-Parsa, 14 F.3d at 1427.
 
 
 10
 Finally, the totality of the evidence presented would not compel a reasonable factfinder to conclude that Alvarez-Montiel currently has a well-founded fear of future harm based upon his opposition to the Sandinistas, especially given the political changes that have taken place in Nicaragua. See Kazlauskas, 46 F.3d at 906 n. 3 (stating that fundamental political changes are highly relevant to the likelihood of future persecution); see also, Bolanos-Hernandez v. INS, 767 F.2d 1277, 1285 (9th Cir.1984) (noting that a threat of persecution is evaluated based on the persecutor's will or ability to carry out the threat).
 
 
 11
 Substantial evidence also supports the BIA's determination that Alvarez-Montiel failed to substantiate his claim that he has a reasonable fear of persecution on account of a political opinion imputed to him because of his relationship to his brother or his mother. Here, Alvarez-Montiel provided no evidence that he was ever harmed or threatened as a result of his brother's journalistic activities or his mother's membership in the National Liberal Party. Moreover, it appears that Alvarez-Montiel's mother currently resides in Nicaragua, apparently without incident. Accordingly, Alvarez-Montiel failed to sustain his burden of proof that he has a reasonable fear of harm on account of an imputed political opinion. See Prasad, 47 F.3d at 339-40 (holding that "attacks on family members do not necessarily establish a well-founded fear of persecution absent a pattern of persecution tied to the [applicant]," and noting that the undisturbed presence of family members in the home country is relevant to the evaluation of the applicant's fear).
 
 
 12
 Because the standard of proof for withholding of deportation is higher than the standard of proof for asylum, Alvarez-Montiel necessarily failed to demonstrate a right to withholding of deportation. See Acewicz v. INS, 984 F.2d 1056, 1062 (9th Cir.1993).
 
 
 13
 On June 15, 1995, Alvarez-Montiel filed a motion seeking to stay the appellate proceedings pending the adjudication of his motion to reopen deportation proceedings before the BIA. We deny the motion, see Berroteran-Melendez v. INS, 955 F.2d 1251, 1255 (9th Cir.1992), but stay our mandate for sixty days, see Roque-Carranza v. INS, 778 F.2d 1373, 1374 (9th Cir.1985).[1]
 
 
 14
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because he is not a prevailing party, we deny Alvarez-Montiel's request for attorney's fees under the Equal Access to Justice Act, 28 U.S.C. section 2412