85 F.3d 634
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Tomas Alberto CASTILLO, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 95-70199.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 26, 1996.*
Decided April 1, 1996.
 
 Before: GOODWIN, WIGGINS, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Tomas Alberto Castillo, a native and citizen of Nicaragua, petitions for review of the decision of the Board of Immigration Appeals ("BIA") affirming the order of an immigration judge ("IJ"), denying his request for asylum and withholding of deportation pursuant to 8 U.S.C. §§ 1158(a) and 1253(h). We review the BIA for substantial evidence. See Berroteran-Melendez v. INS, 955 F.2d 1251, 1255 (9th Cir.1992). We have jurisdiction pursuant to 8 U.S.C. § 1105a(a), and deny the petition for review.
 
 
 3
 Castillo contends that the BIA's finding that he lacked a well-founded fear of persecution is not supported by substantial evidence. This contention lacks merit.
 
 
 4
 To establish eligibility for asylum based on a well-founded fear of persecution, asylum applicants must show both a genuine subjective fear of persecution and an objectively reasonable fear. Acewicz v. INS, 984 F.2d 1056, 1061 (9th Cir.1993). The burden is on the applicant to meet this standard. Id. "The objective component requires a showing by credible, direct, and specific evidence of facts supporting a reasonable fear of persecution." Id. (quotation omitted).
 
 
 5
 Castillo testified that his father worked for the Somoza government and was detained for six to nine months after the Sandinistas took control of the government. Subsequently, a Sandinista youth group at the University which Castillo attended began harassing Castillo by following him, throwing rocks at him and ultimately detaining him for seven days.
 
 
 6
 When the Sandinista government began its military draft, Castillo tried to escape the country but was caught and imprisoned for twenty-two days. Following his imprisonment and release, he was able to continue his studies at the University and maintain his government job. In 1985, Castillo entered military training and was active in service for seven months until he was wounded. After his release from treatment, he became a member of the Democratic Nicaraguan Movement, which favored the election of Violeta Chamorro. Shortly thereafter, Castillo obtained a visa and left Nicaragua.
 
 
 7
 Castillo contends that his family's connection to the Somoza government, his seven-day detention and twenty-two day imprisonment, and the continued influence of the Sandinistas over the military in Nicaragua give him a reasonable basis to fear persecution if he were to return.
 
 
 8
 Substantial evidence supports the BIA's determination that Castillo's fear of persecution is not well-founded. First, although Castillo contends that he will be persecuted because of his family's connections the former Somoza government, the record indicates that Castillo's father and mother continue to reside in Nicaragua, apparently without incident and that his mother is allowed to temporarily leave the country using a visitor's visa. See Cuadras v. INS, 910 F.2d 567, 571 (9th Cir.1990) (finding asylum claim undercut by family's continued safety). Second, Castillo's testimony indicates that after his alleged detention and imprisonment by the Sandinista Youth, he was allowed to resume his studies, continue his employment, and leave the country on an official visa. Finally, Castillo failed to present any evidence showing that in light of the changed conditions in Nicaragua he would be singled out for persecution upon his return. See Sanchez-Trujillo v. INS, 801 F.2d 1571, 1581 (9th Cir.1986).
 
 
 9
 Because Castillo failed to demonstrate a well-founded fear of persecution he also failed to satisfy the higher standard of "clear probability of persecution" required for withholding of deportation. See Acewicz, 984 F.2d at 1062.
 
 
 10
 Castillo contends that the BIA erred by taking administrative notice of the changed political circumstances in Nicaragua. This contention lacks merit.
 
 
 11
 At his hearing, Castillo's attorney argued that Castillo had a well-founded fear of persecution even though conditions in Nicaragua had changed. Counsel specifically asked Castillo whether he was aware of the political situation in Nicaragua, particularly the elections, and Castillo responded that even though there was a different government, the Sandinistas still controlled the armed forces. The record indicates, therefore, that Castillo had ample opportunity to present contrary evidence and to dispute whether notice should be taken as to the change in government. See id. at 1060-61.
 
 
 12
 Castillo contends that his due process rights were violated at his deportation hearing because he was not continuously provided with an interpreter. This contention lacks merit.
 
 
 13
 Here, the record indicates that Castillo was provided with an interpreter at his deportation hearing and that the hearing was interpreted from English to Spanish. The interpreter was not available for the reading of the IJ's decision, and the IJ asked Castillo's counsel if counsel could interpret the decision. Counsel responded that he probably could. Castillo has pointed to nothing in the record showing that he was prevented from understanding any of the testimony during the deportation proceedings, or that the failure to translate the IJ's decision "would have made a difference in the outcome of the hearing." Id. at 1063. Accordingly, the BIA did not err by rejecting this argument.
 
 
 14
 On November 27, 1995, Castillo filed a motion in this court seeking to stay the appellate proceedings until the IJ acted on his motion for adjustment of status.[1] We deny the motion. See Berroteran-Melendez, 955 F.2d at 1255. Nevertheless, to allow the IJ to consider the pending motion, we stay our mandate for ninety days from the filing of this memorandum. Within fourteen days of the expiration of this period, each party shall file a status report. If Castillo fails to file a timely status report, the mandate may issue without further notice. See Roque-Carranza v. INS, 778 F.2d 1373, 1374 (9th Cir.1985).
 
 
 15
 PETITION DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Castillo's moving papers indicate that the BIA has reopened his case and remanded the matter to the IJ