83 F.3d 427
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Federico Gildo MARIANO-TOBIAS, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 94-70659.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 12, 1996.*
Decided April 16, 1996.
 
 1
 Before: SCHROEDER and LEAVY, Circuit Judges, and TRIMBLE,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Federico Gildo Mariano-Tobias ("Mariano-Tobias"), a native and citizen of the Philippines, petitions for review of the Board of Immigration Appeals ("BIA") order dismissing his appeal from an order denying him suspension of deportation under section 244(a)(1) of the Immigration and Nationality Act, 8 U.S.C. § 1254(a)(1). The BIA treated Mariano-Tobias's submission of new evidence on appeal as if he had filed a motion to remand or reopen, and then denied relief. Mariano-Tobias argues that the BIA erred in concluding that he had not demonstrated that deportation would result in extreme hardship, and that he was deprived of a fair hearing due to ineffective assistance of counsel. We reject these arguments and, accordingly, we deny review.
 
 
 4
 The BIA's decision to summarily dismiss the appeal and to treat the new evidence submitted as a motion to remand was entirely appropriate and within its discretion. See Padilla-Agustin v. INS, 21 F.3d 970, 973 (9th Cir.1994); Castillo-Villagra v. INS, 972 F.2d 1017, 1023-24 (9th Cir.1992). The evidence submitted was previously available and not likely to change the decision regarding extreme hardship; therefore, the BIA did not abuse its discretion in refusing to remand or reopen the case. See Delmundo v. INS, 43 F.3d 436, 439 (9th Cir.1994). Furthermore, this court cannot consider arguments or evidence which were not first presented to the Immigration Judge or to the BIA. See Vargas v. INS, 831 F.2d 906, 908 (9th Cir.1987). Therefore, we decline to consider Mariano-Tobias's arguments regarding the stigma of adultery in the Philippines and other arguments which were not developed in the record below.
 
 
 5
 Likewise, Mariano-Tobias's argument that his due process rights were violated by the ineffective assistance of his former counsel cannot be raised for the first time on appeal. See Rashtabadi v. INS, 23 F.3d 1562, 1567 (9th Cir.1994); Vides-Vides v. INS, 783 F.2d 1463, 1470 (9th Cir.1986); Roque-Carranza v. INS, 778 F.2d 1373, 1374 (9th Cir.1985). Therefore, this part of the petition is dismissed for lack of jurisdiction.
 
 
 6
 The petition for review is DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 The Honorable James T. Trimble, Jr., United States District Judge for the Western District of Louisiana, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3