Mohammad Asgar Ali MONDAL,
Petitioner,

v.

IMMIGRATION AND
NATURALIZATION SERVICE,
Respondent.

No. 99–71207.
INS No. A72–433–731.

United States Court of Appeals,
Ninth Circuit.

Submitted March 15, 2001 *.

Decided March 19, 2001.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*    Fed. R.App. P. 34(a)(2).

Before HAWKINS, McKEOWN, and WARDLAW, Circuit Judges.

### MEMORANDUM **

Mohammad Asgar Ali Mondal ("Mondal"), a native and citizen of Bangladesh and member of the Jatiyo Political Party ("JPP"), petitions for review of the decision of the Board of Immigration Appeals ("BIA") denying his request for asylum and withholding of deportation. Because the parties are familiar with the factual and procedural history of this case, we do not recount it here except as necessary to explain our disposition. We have jurisdiction under § 242(a) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1252, and we deny the petition for review.

■■■■ 1. Mondal argues that he is eligible for asylum because he has "a well-founded fear of persecution ... on account of race, religion, nationality, membership

in a particular social group, or political opinion." 8 U.S.C. § 1158; 8 C.F.R. § 208.13(b)(2). We review the BIA's decision that an alien has not established eligibility for asylum under the substantial evidence standard. *See Rivera–Moreno v. INS*, 213 F.3d 481, 485 (9th Cir.2000). To establish a well-founded fear of persecution, Mondal must demonstrate both a subjectively genuine and objectively reasonable fear. *Reyes–Guerrero v. INS*, 192 F.3d 1241, 1244 (9th Cir.1999). Substantial evidence supports the BIA's conclusion that Mondal successfully established a subjective fear of persecution. *See Duarte de Guinac v. INS*, 179 F.3d 1156, 1159 (9th Cir.1999) (holding that the subjective component is satisfied if the applicant "credibly testif[ies] that he genuinely fears persecution").

■■■■ Mondal, however, is unable to show an objective fear of persecution either by proving persecution in the past, giving rise to a rebuttable "presumption that a well-founded fear of future persecution exists," or showing "a good reason to fear future persecution by adducing credible, direct, and specific evidence in the record of facts that would support a reasonable fear of persecution." *Id.; see also* 8 C.F.R. § 208.13(b)(1)-(2). We agree with the BIA that although the former government, the Bangladesh National Party ("BNP"), harassed, threatened, physically abused, and jailed Mondal for one day, such action does not rise to the level of persecution within the meaning of the INA. Moreover, Mondal did not establish a reasonable possibility of future persecution. Both his testimony and the February 1998 "Bangladesh: Profile of Asylum Claims and Country Conditions" ("1998 Profile") demonstrate that the BNP is no

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

462

longer in power and the ruling Awami League formed a coalition with the JPP.

■ 2. Mondal asserts that the BIA abused its discretion by not taking administrative notice of the February 1999 Country Report ("1999 Report"), which he argues contains information reflecting a change in political climate and country condition. *See Fisher v. INS*, 79 F.3d 955, 963 (9th Cir.1996) (noting that the BIA's decision not to take administrative notice is reviewed for an abuse of discretion). He is incorrect. Both the 1998 Profile and the 1999 Report state that violence is a pervasive feature of politics, that the government uses the Special Powers Act to arrest, jail, and harass political opponents, and that the Awami League is in power. Because the 1999 Report demonstrates neither a change in governmental rule nor a significant shift in political climate, the BIA did not abuse its discretion by not taking administrative notice of it.

■ 3. Mondal claims that the BIA abused its discretion by refusing to admit additional documents supplementing his claim of a change in political climate, which he presented for the first time on appeal to the BIA. Because Mondal never filed a motion to reopen, the BIA properly refused to admit the evidence. *See Roque-Carranza v. INS*, 778 F.2d 1373, 1374 (9th Cir.1985) (holding that if the additional evidence the petitioner seeks to present is material, he may seek review of it by filing a motion to reopen); *see also* 8 C.F.R. § 3.2(c).

■ 4. Because Mondal cannot "satisfy the lesser standard of proof required to establish eligibility for asylum," he cannot

* The panel unanimously finds this case suitable for decision without oral argument. Fed.

demonstrate eligibility for withholding of deportation. *See Fisher,* 79 F.3d at 965.

PETITION DENIED.