BURGOS–CASTILLO; Dulce Maria Cruz–Colli Petitioners,

v.

IMMIGRATION AND NATURALIZATION SERVICE, Respondent.

No. 01–71362.

INS Nos. A75–487–0006, A75–487–0007.

United States Court of Appeals, Ninth Circuit.

Submitted July 12, 2002.*

Decided July 17, 2002.

Before NOONAN, WARDLAW, and BERZON, Circuit Judges.

## MEMORANDUM **

Burgos–Castillo, a native and citizen of Mexico, petitions for review of a decision of the Board of Immigration Appeals ("BIA") finding him statutorily ineligible for cancellation of removal. We have jurisdiction pursuant to 8 U.S.C. § 1101(a)(47)(b)(I) (1999). We deny the petition.

I

Burgos–Castillo is statutorily ineligible for cancellation of removal because he failed to meet the continuous physical presence requirement. 8 U.S.C. § 1229b(b)(A), *Ram v. INS*, 243 F.3d 510, 513 (9th Cir.2001). Burgos–Castillo, according to his own testimony, entered the United States on June 21, 1987 and re-

---

1. Honorable Charles R. Breyer, United States District Judge for the Northern District of California, sitting by designation.

* This panel finds this case appropriate for submission without oral argument pursuant to Fed. R.App. P. 34(a)(2).

** This disposition is inappropriate for publication and may not be cited to or by the courts of this circuit except as 9th Cir. R. 36–3 may provide.

ceived a Notice to Appear on June 13, 1997. Service of the Notice to Appear terminates a period of continuous presence. Thus, Burgos–Castillo cannot meet the ten-year requirement.

Burgos–Castillo's reliance on *Kamheangpatiyooth v. INS*, 597 F.2d 1253 (9th Cir.1979), to support a claim of substantial compliance with the statutory period is unavailing. *Id.* at 1256. There we held that the petitioner substantially complied with the "continuous" portion of the requirement, because the one month visit to his dying mother's Thailand bedside did not undermine his commitment to living in the United States, where he had resided for twelve years. *Id.* at 1255. In contrast, Burgos–Castillo's period of physical presence was terminated by a charging document.

## II

Petitioner also contends that we must reconsider the facts that bear on the hardship that his U.S. citizen daughter would suffer if he were deported. Because our review is limited to the BIA's decision, which neither addressed the question nor adopted the Immigration Judge's decision, we lack jurisdiction over this claim. *Cordon–Garcia v. INS*, 204 F.3d 985, 990 (9th Cir.2000). Even if the BIA had reviewed the IJ's hardship determination, we would not have jurisdiction to consider its discretionary determination as to failure to establish "exceptional and extreme unusual hardship." *Kalaw v. INS*, 133 F.3d 1147, 1150 (9th Cir.1997); *Montero–Martinez v. Ashcroft*, 277 F.3d 1137, 1140–41 (9th Cir. 2002).

## III

Nor do we have jurisdiction to review Petitioner's request to reopen for an ad-

justment of status. An application for an adjustment of status must be filed with the IJ or BIA. 8 U.S.C. § 1255i(C), 1252(d) (1999). A motion to reopen is properly filed when an application for adjustment of status is denied and must be initially filed with the BIA. *Roque–Carranza v. INS*, 778 F.2d 1373 (9th Cir.1985); 8 C.F.R. § 245.1(e)(2)(iv)(C) (2001). Thus, Burgos–Castillo failed to properly pursue and exhaust his administrative remedies, thereby depriving us of jurisdiction to review this claim.

PETITION DENIED.