**Francisca Eugenia ESQUIVEL DE ORTEGA, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–73707.

United States Court of Appeals, Ninth Circuit.

ed by 9th Cir. R. 36–3.

Submitted May 16, 2007 *.

Filed June 13, 2007.

Simon Salinas, Esq., Tustin, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Terri J. Scadron, Esq., Hillel Smith, DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: PREGERSON, REINHARDT, and TASHIMA, Circuit Judges.

MEMORANDUM **

Francisca Eugenia Esquivel de Ortega, a native and citizen of Guatemala, petitions

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

for review of the Board of Immigration Appeals' ("BIA") order denying her motion to reopen, construed by the BIA as a motion to reconsider. To the extent we have jurisdiction, it is pursuant to 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reconsider and a motion to reopen. *See Lara–Torres v. Ashcroft,* 383 F.3d 968, 972 (9th Cir.2004), *amended by* 404 F.3d 1105 (9th Cir.2005). We deny in part and dismiss in part the petition for review.

The BIA acted within its discretion in denying Esquivel de Ortega's motion to reconsider because the motion failed to identify any error of fact or law in the BIA's prior decision. *See* 8 C.F.R. § 1003.2(b)(1); *Socop–Gonzalez v. INS,* 272 F.3d 1176, 1180 n. 2 (9th Cir.2001) (en banc). Contrary to counsel's assertions, the record clearly demonstrates that current counsel withdrew Esquivel de Ortega's asylum application and never sought to reinstate it.

We lack jurisdiction to review the BIA's underlying order, dated March 14, 2005, dismissing Esquivel de Ortega's appeal from the IJ's decision, because the petition for review is not timely as to that order. *See Singh v. INS,* 315 F.3d 1186, 1188 (9th Cir.2003).

The record before us shows that Esquivel de Ortega has been put at a disadvantage by her current counsel's representation throughout the proceedings, including with respect to her petition for review before this court. The record indicates that Esquivel de Ortega's asylum application was inexplicably withdrawn, after the BIA sustained her appeal and remanded for consideration of changed country conditions. Counsel's repeated assertions that the BIA indicated petition-er was eligible for relief under NACARA is wholly unsupported by the record, as are his contentions regarding his involvement in the fraudulent change of venue from Los Angeles, California, where Esquivel de Ortega has lived throughout proceedings, to Chicago, Illinois, where she has never resided.

Accordingly, we stay issuance of the mandate for 120 days to give petitioner an opportunity to file a motion to reopen on grounds of ineffective assistance of counsel. *See Roque–Carranza v. INS,* 778 F.2d 1373, 1374 (9th Cir.1985) (granting stay of court's mandate to permit petitioner to seek reopening in order to present ineffective assistance of counsel claim).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part; ISSUANCE OF MANDATE STAYED FOR 120 DAYS.**