MEMORANDUM **
Anaid Oganesian, a native and citizen of Armenia, petitions for review of the Board of Immigration Appeals’ (“BIA”) order denying Oganesian’s motion to reopen proceedings to apply for protection under the *662 Convention Against Torture (“CAT”). We have jurisdiction under 8 U.S.C. § 1252. We review denials of motions to reopen for abuse of discretion. Cano-Merida v. INS, 311 F.3d 960, 964 (9th Cir.2002). We deny the petition for review.
The BIA correctly treated Oganesian’s motion as a motion to reopen rather than a motion to reconsider because she sought to apply for new relief, and did not identify an error of fact or law by the agency. See Iturribarria v. INS, 321 F.3d 889, 895-96 (9th Cir.2003).
The BIA did not abuse its discretion in denying Oganesian’s motion to reopen for failure to establish prima facie eligibility for CAT protection. See Azanor v. Ashcroft, 364 F.3d 1013, 1018 (9th Cir.2004) (“To qualify for reopening under the Torture Convention, an alien must establish a prima facie case that ‘it is more likely than not that ... she would be tortured if removed to the proposed country of removal.’ ”) (citing 8 C.F.R. § 208.16(c)(2)). In Oganesian’s one-page motion, counsel presented no arguments, identified no documents or testimony in the record, and submitted no additional evidence regarding any threat of torture if Oganesian returns to Armenia.
The record reveals that former counsel’s representation was unsatisfactory in several respects, including in Oganesian’s briefing before this court. We therefore stay issuance of the mandate for 120 days to provide Oganesian an opportunity to file a motion to reopen with the BIA on grounds of ineffective assistance of counsel. See Roque-Carranza v. INS, 778 F.2d 1373, 1374 (9th Cir.1985) (staying mandate to permit petitioner to file a motion to reopen before the BIA to present an ineffective assistance of counsel claim).
PETITION FOR REVIEW DENIED; ISSUANCE OF MANDATE STAYED FOR 120 DAYS.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.