82 F.3d 422
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Roberto A. ESQUIVEL-ACEVEDO; Marisol G. Mendoza Silva de
Esquivel; Karla C. Esquivel-Mendoza, Petitioners,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 95-70093.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 12, 1996.*
Decided April 1, 1996.
 
 Before: GOODWIN, WIGGINS, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Roberto Esquivel-Acevedo, Marisol Mendoza Silva de Esquivel, and their daughter Karla C. Esquivel-Mendoza, natives and citizens of Nicaragua, petition for review of the Board of Immigration Appeals' ("BIA") decision affirming the order of an immigration judge ("IJ"), denying their applications for asylum and withholding of deportation under sections 208(a) and 243(h) of the Immigration and Nationality Act ("INA"), 8 U.S.C. §§ 1158(a) and 1253(h), as well as their applications for voluntary departure under section 244(e) of the INA, 8 U.S.C. § 1254(e). We have jurisdiction pursuant to 8 U.S.C. § 1105a(a) and deny the petition for review.
 
 
 3
 Because the BIA clearly incorporated the IJ's opinion, we review the IJ's decision. See Alaelua v. INS, 45 F.3d 1379, 1382 (9th Cir.1995).[1]
 
 
 4
 We review the factual findings regarding an applicant's eligibility for asylum, including credibility findings, under the substantial evidence standard. Berroteran-Melendez v. INS, 955 F.2d 1251, 1255-56 (9th Cir.1992). We also review for substantial evidence the decision to deny withholding of deportation. Id. at 1255.
 
 
 5
 To qualify for asylum, an applicant must demonstrate that he or she has suffered past persecution or has a well-founded fear of future persecution on account of race, religion, nationality, membership in a particular social group, or political opinion. See 8 U.S.C. §§ 1101(a)(42)(A), 1158(a). To establish a well-founded fear of persecution, an applicant must present a genuine subjective fear of harm, and must show that this subjective fear is objectively reasonable. See Shirazi-Parsa v. INS, 14 F.3d 1424, 1427 (9th Cir.1994). To qualify for withholding of deportation, an applicant must present evidence of a clear probability of persecution. See 8 U.S.C. § 1253(h).
 
 
 6
 Esquivel-Acevedo contends that the IJ's negative credibility determination was not supported by substantial evidence. We disagree.
 
 
 7
 Esquivel-Acevedo testified that he managed a government dairy farm, and that he developed problems with certain Sandinistas who opposed his management policies. Esquivel-Acevedo further testified that because of his policies, he was detained and interrogated on two occasions in 1984. In May or June 1994, following these two detentions, Esquivel-Acevedo resigned from the dairy, and subsequently started a chicken farm with his cousin. Six to seven months later, the authorities allegedly revoked Esquivel-Acevedo's business license because he was not "working well with the government," and the chicken farm closed. Esquivel-Acevedo testified that he decided to leave Nicaragua after he received a summons to appear before the Sandinista police on March 15, 1985.
 
 
 8
 The IJ found that Esquivel-Acevedo's claim was not credible because of the inconsistencies between his testimony, his three asylum applications, and his supporting documentation.
 
 
 9
 In contrast to his testimony, Esquivel-Acevedo stated in his first asylum application that he came to the United States "because of medical reasons" and "because [he] had family and friends who could lend [him] support." Moreover, Esquivel Acevedo stated in his first application that he was "never officially detained, interrogated, convicted, [or] imprisoned." In his second asylum application, Esquivel-Acevedo stated that he was detained "on a couple of occasions in 1984 and 1985." In a declaration attached to his third asylum application, Esquivel-Acevedo claimed that he was arrested as a suspected "contra sympathizer" after the authorities revoked his chicken farm license. Additionally, Esquivel-Acevedo's supporting documentation was inconsistent with the alleged revocation of his business license, because the invoice for the chicken farm was dated June 21, 1985, one month after his departure from Nicaragua.
 
 
 10
 In response to these inconsistencies, Esquivel-Acevedo testified that his first asylum application was not correct because he thought that he was only applying for work authorization, and that the inconsistent invoice date might have been the result of clerical error.
 
 
 11
 Because these serious inconsistencies go to the heart of Esquivel-Acevedo's asylum claim, the IJ properly found that he failed to demonstrate a credible claim of persecution. See Berroteran-Melendez, 955 F.2d at 1256-57.
 
 
 12
 Moreover, we decline to "second guess" the IJ's finding that Esquivel-Acevedo's demeanor did not correspond with that of a credible witness because he failed to respond directly to proffered questions. See Sarvia-Quintanilla v. INS, 767 F.2d 1387, 1395 (9th Cir.1985) (noting that "[a]n [IJ] alone is in a position to observe an alien's tone and demeanor").
 
 
 13
 Because the IJ's negative credibility finding was supported by substantial evidence, Esquivel-Acevedo necessarily failed to provide sufficient evidence to support his claim for asylum or withholding of deportation. See Berroteran-Melendez, 955 F.2d at 1257-58.
 
 
 14
 Esquivel-Acevedo also contends that the IJ erred by denying his request for voluntary departure. Because Esquivel-Acevedo produced no evidence regarding his eligibility for voluntary departure, the IJ did not abuse her discretion by finding him ineligible for such relief. See Estrada-Posadas v. INS, 924 F.2d 916, 920 (9th Cir.1991).
 
 
 15
 On December 14, 1995, Esquivel-Acevedo filed a motion seeking to stay the appellate proceedings pending the adjudication of his motion to reopen deportation proceedings before the BIA to apply for suspension of deportation. We deny the motion, see Berroteran-Melendez, 955 F.2d at 1255, but stay our mandate for sixty days, to allow the motion to reopen to be considered by the BIA, see Roque-Carranza v. INS, 778 F.2d 1373, 1374 (9th Cir.1985).[2]
 
 
 16
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The BIA must conduct "an individualized review of the petitioner's contentions and circumstances" and its opinion "must state with sufficient particularity and clarity the reasons for denial" so that we may conduct a proper review. Castillo v. INS, 951 F.2d 1117, 1121 (9th Cir.1991). Here, the BIA: (1) identified the basis for Esquivel-Acevedo's claim; (2) determined that the IJ "adequately and correctly addressed the issues raised on appeal;" and (3) "affirmed based upon and for the reasons set forth in [the IJ's] decision." Id. Because it is "clear to us that [the BIA] gave individualized consideration to [Esquivel-Acevedo's] case, but chose to use the IJ's words rather than its own," Alaelua, 45 F.3d at 1382, we find no merit in Esquivel-Acevedo's contentions that the BIA erred by failing to conduct an independent review of the record or that it failed to state the reasons for denial with sufficient particularity and clarity
 
 
 [2]
 Because he is not a prevailing party, we deny Esquivel-Acevedo's request for attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412