83 F.3d 426
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Domingo D. ABROGAR, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 94-70737.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 10, 1996.*
Decided April 12, 1996.
 
 Before: HALL, THOMPSON, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Domingo D. Abrogar, native and citizen of the Philippines, petitions for review of the decision of the Board of Immigration Appeals ("BIA") affirming the order of the immigration judge ("IJ") denying his application for asylum and withholding of deportation under sections 208(a) and 243(h) of the Immigration and Nationality Act ("INA"), 8 U.S.C. §§ 1158(a) and 1253(h). We have jurisdiction pursuant to 8 U.S.C. § 1105a(a) and deny the petition.
 
 
 3
 Abrogar contends that the BIA erred by finding that he had not established past persecution or a well-founded fear of persecution. This contention lacks merit.[1]
 
 
 4
 We review the factual determinations underlying the BIA's decision for "substantial evidence" and the BIA's decision should not be reversed absent compelling evidence of persecution. Kotasz v. INS, 31 F.3d 847, 851 (9th Cir.1994).
 
 
 5
 To establish eligibility for asylum based on a well-founded fear of persecution, an asylum applicant bears the burden of showing both a genuine subjective fear of persecution and an objectively reasonable fear on account of his race, religion, nationality, membership in a particular social group, or political opinion. Acewicz v. INS, 984 F.2d 1056, 1061 (9th Cir.1993); 8 U.S.C. §§ 1101(a)(42)(A) and 1158(a). The objective component requires "credible, direct, and specific evidence" of facts showing a reasonable fear of persecution on account of one of the enumerated grounds. Rodriguez-Rivera v. INS, 848 F.2d 998, 1002 (9th Cir.1988) (per curiam; citations and quotation omitted). To qualify for withholding of deportation, an applicant must present evidence of a clear probability of persecution. See 8 U.S.C. § 1253(h).
 
 
 6
 Here, substantial evidence supports the BIA's determination that Abrogar failed to establish eligibility for asylum. Members of the communist insurgency attempted to extort money from Abrogar, a successful building contractor. When he refused to comply, the insurgents ransacked his office and burned two of his vehicles. Although Abrogar testified that he belonged to a paramilitary group, he did not allege that the communists were interested in him for any reason other than his financial status. Accordingly, Abrogar failed present evidence that the communists were motivated to harm him on account of one of the enumerated grounds. See Canas-Segovia v. INS, 970 F.2d 599, 601 (9th Cir.1992). Therefore, substantial evidence supports the BIA's determination that Abrogar failed to establish his eligibility for asylum. See Kotasz, 31 F.3d at 851. Because the standard of proof for withholding of deportation is higher that the standard of proof for asylum, Abrogar cannot demonstrate eligibility for withholding of deportation. See Acewicz, 984 F.2d at 1062.
 
 
 7
 Finally, Abrogar requests this court to suspend these proceedings to allow him to file an application for adjustment of status before the BIA based upon his marriage to a naturalized United States citizen. We deny the request but exercise our discretion to stay our mandate for 60 days from the filing of this memorandum to allow Abrogar the opportunity to apply for adjustment of status and to seek a stay of deportation from the BIA. See Roque-Carranza v. INS, 778 F.2d 1373, 1374 (9th Cir.1985).
 
 
 8
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Abrogar also contends that he is entitled to derivative United States citizenship because his parents were born in the Philippines when the Philippines was a U.S. Territory. Because Abrogar did not raise this issue before the BIA, we cannot consider it. See Vargas v. INS, 831 F.2d 906, 907-08 (9th Cir.1987). Moreover, this argument has been rejected by this court. See Rabang v. INS, 35 F.3d 1449, 1452 (9th Cir.1994), cert. denied, 115 S.Ct. 2554 (1995)