Adrian **RUIZ–GARCIA**, Petitioner,

v.

**IMMIGRATION AND NATURALIZATION SERVICE**, Respondent.

No. 02–70917.

INS No. A75–247–060.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 10, 2003.*

Decided Feb. 13, 2003.

---

Before LEAVY, FERNANDEZ, and BERZON, Circuit Judges.

MEMORANDUM **

Adrian Ruiz–Garcia, a native and citizen of Mexico, petitions for review of the decision of the Board of Immigration Appeals ("BIA") affirming the immigration judge's denial of his application for suspension of deportation. Because the transitional rules apply, *Larita–Martinez v. INS,* 220 F.3d 1092, 1095 (9th Cir.2000), we have jurisdiction under 8 U.S.C. § 1105a(a). We review de novo, *id.,* and we dismiss the petition.

Although the record supports Ruiz–Garcia's contention that the BIA erred by basing its decision on an incomplete record, *see id.* (holding that the due process requirement of a full and fair hearing requires the BIA to review all relevant evidence submitted in a case), Ruiz–Garcia presents this argument for the first time in

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, we deny Ruiz–Garcia's motion for oral argument.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

his petition for review. Accordingly, Ruiz–Garcia's failure to exhaust this correctable procedural error precludes judicial review. *See Sanchez–Cruz v. INS*, 255 F.3d 775, 780 (9th Cir.2001) (Petitioner's "failure to exhaust her administrative remedies on the issue of whether she was denied a full and fair hearing prevents us from exercising judicial review of this question."); *Florez-de Solis v. INS*, 796 F.2d 330, 335 (9th Cir.1986) (holding that petitioner's failure to exhaust her claim that the BIA erred by relying on an inadequate transcript precluded judicial review).

Judge Berzon would stay the mandate for 90 days from the filing of this disposition to allow the BIA to resolve Ruiz–Garcia's pending motion to reopen. *See Roque–Carranza v. INS*, 778 F.2d 1373, 1374 (9th Cir.1985).

PETITION DISMISSED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.